### RICHARD et al. v. NATIONAL DISTILLING CO.

(Supreme Court, Appellate Term.    October 27, 1905.)

1. APPEAL—REVIEW—DISCRETION OF TRIAL COURT.

An appellate court only interferes with the rulings of the trial court, made within its discretion, when an injustice may have been done.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 3811, 3812.]

2. JUDGMENT—DEFAULT—SETTING ASIDE INQUEST.

On a motion to vacate a judgment taken on inquest on default, it appeared that the defense could not be established in the absence of a witness. No steps were taken to secure his attendance until June 16th, but there was no expectation that the case would be tried until June 15th. The witness had left June 5th, and his attendance could not be secured before June 29th. Defendant had no control over the movements of the witness, and it was unsafe to stipulate to go to trial on the 29th, whether he was present or not. *Held* to require the setting aside of the default and inquest and restoring the cause to the calendar for trial.

Appeal from City Court of New York, Special Term.

Action by Oscar L. Richard and another against the National Distilling Company.    From an order denying a motion to vacate a judgment taken on inquest on default, defendant appeals.    Modified.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Smith & Bowman, for appellant.

Steuer & Hoffman, for respondents.

SCOTT, P. J.    It is always with great hesitation that we interfere with orders made upon motions which appeal to the discretion of the court below, and we do so only when it appears that an injustice may have been done by the order appealed from.    It is quite evident that defendant would have no chance at all of establishing its defense unless it could avail itself of the testimony of the witness Van Emden.    It is true that defendant's attorneys did not take steps to secure his attendance until June 16th, but it is quite apparent that there was no intention or expectation on either side that the case would be tried until June 15th. The defendant might, indeed, have made earlier inquiries as to the possibility of securing Van Emden's attendance; but, since the latter had left the city on June 5th, nothing was lost by delaying the inquiries. It is also quite clear that defendant's attorneys could not secure Van Emden's presence before June 29th, and, since they had no control over his movements, it would have been quite unsafe to stipulate to go to trial on the 29th, whether he was present or not.    It may be that upon the

merits defendant may fail in the action, but we cannot try that question on this motion.

The order appealed from should, in our opinion, be so modified as to provide that defendant's default and the inquest thereon be vacated and set aside, and the cause restored to the calendar of the City Court for trial, upon payment by defendant to plaintiffs within five days of $10 costs of motion, the judgment and levy, if any, to stand meanwhile as security, and the order, as so modified, should be affirmed, without costs. All concur.