(110 App. Div. 130)

### MARCHESINI et al. v. SCACCIANOCE et al.

(Supreme Court, Appellate Division, First Department.   December 30, 1905.)

1. JUDGMENT—OPENING DEFAULT.

 A motion at Special Term to open an inquest taken by default cannot be denied on the ground that it is a renewal of the motion to adjourn the case made at the Trial Term and denied.

2. SAME—GROUNDS—SUFFICIENCY.

 On a motion to open an inquest taken by default it appeared that defendants, who had answered to the merits, applied for a commission to take testimony in Europe, which was granted. The commission was not executed, because defendants' attorney contemplated making a trip to Europe, when he would see his clients who resided there and obtain the evidence without a commission. The attorney was detained in Europe longer than he expected. and did not return until after the inquest had been taken.   *Held*, to authorize the setting aside of the inquest on terms.

 [Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 267.]

Appeal from Special Term, New York County.

Action by Gaetano Marchesini and another against Guiseppe Scaccianoce and another. From an order denying a motion to open a default, defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Philip S. Saitta, for appellants.
George L. McDonnell, for respondents.

INGRAHAM, J.  The plaintiffs, residents of the city of New York, seek to recover from the defendants, residents of Messina, Kingdom of Italy, for a breach of a contract to deliver oil in the city of New York. One of the defendants interposed an answer, denying the breach and setting up a counterclaim, and the other defendant answered, denying that he had any connection with the contract, or anything to do with it. The defendants then applied for a commission to take testimony in Italy, which was granted, but which was not executed, and the cause was subsequently placed upon the special calendar. The reason why the commission was not executed was that counsel for defendant contemplated making a visit to Europe, when he would see his clients and obtain the evidence without the necessity of a commission. In his affidavit counsel stated that he left New York for Europe on August 2, 1905; that he was detained in Europe longer than he expected, and did not return until after the inquest had been taken. The case finally came on for trial on the 16th day of October, when the trial judge refused further to postpone the case, and an inquest was taken.

The motion to open this inquest was denied upon the ground that it was substantially a renewal of the motion made at Trial Term to adjourn the case.  I think this is hardly a correct way of looking at an application of this kind.  A motion addressed at Trial Term to adjourn a case, where no legal ground of adjournment is stated, is quite properly denied, when upon the same facts the court at Special Term would be justified in opening an inquest, as it can impose terms, as con-

ditions upon which the inquest will be opened, which it would be improper to impose at Trial Term.

There seems to be in this case a fair question as to the breach of the contract upon which the plaintiff seeks to recover. A denial of this motion disposed of the issues and ended the controversy in favor of the plaintiff, without giving the defendants their day in court and a chance to prove their defense. The absence of counsel for the defendants, who had charge of the case, in Europe, and his detention there, is a reason why it was impossible for them to go on with their trial; and I am inclined to think the court at Special Term should have exercised its discretion in favor of allowing the defendants their day in court. This, however, should be upon the terms that the defendants should pay, as a condition of setting aside the inquest, a trial fee of $30, a term fee of $10 for opposing the motion, and all the disbursements the plaintiffs incurred in taking the inquest and entering judgment; the judgment to stand as security until the final determination of the action.

The order should therefore be reversed, and motion granted, upon complying with the foregoing terms within 10 days after service of a copy of the order. If terms are not complied with, motion denied, with $10 costs. No costs of appeal. All concur.

---

(110 App. Div. 167)

### BRAXMAR v. STANTON et al.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. EVIDENCE—BEST EVIDENCE—CORPORATE ACTS.

On an issue as to whether a certain person was employed by a corporation as its superintendent, in the absence of any showing that the corporation had any minutes, or that there was any entry or writing which contained a record of the contract of employment, it was proper to prove such employment by oral testimony as to transactions at a directors' meeting.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 461.]

2. CORPORATIONS—ACTS OF AGENT—RATIFICATION.

Where the superintendent of a corporation ordered goods which were used by the corporation in the furtherance of its business, such use amounted to a ratification of the superintendent's order

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 1714.]

Appeal from Trial Term, New York County.