(56 Misc. Rep. 442.)

JULIUS JOHNSON'S SONS v. BUELLESBACH et al.

(Supreme Court, Appellate Term. November 29, 1907.)

JUDGMENT—DEFAULT—SETTING ASIDE—GROUNDS.

     A cause appeared on the day calendar on June 18th, 19th, and 20th, and one of the defendants was in court with witnesses each day ready for trial. On June 19th plaintiffs obtained an order to show cause why the action should not be severed. The motion was denied on June 27th. Plaintiffs entered an ex parte order restoring the case to the day calendar, at the head thereof, for the following day. Defendants had no knowledge of the entry of the order until it was served on them on that day. On the following day they applied for a continuance for inability to procure material witnesses. The court granted the motion on defendants' giving an undertaking. On defendants' failure to give the undertaking, a default judgment was entered. Each defendant relied on the other to procure the undertaking. *Held* to require a setting aside of the default on payment of costs and filing undertaking.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 269–286.]

Appeal from City Court of New York, Trial Term.

Action by Julius Johnson's Sons against Joseph Buellesbach and another. From an order denying a motion to set aside a default judgment, defendants appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Bennett E. Siegelstein, for appellant Caspar Buellesbach.

R. A. McDuffie, for appellant Jos. Buellesbach.

Theodore Prince (Henry S. Dottenheim, of counsel), for respondent.

PER CURIAM. The appeals from two orders and the judgment having been dismissed at the opening of the term, the only appeal remaining is the one from the order of July 18, 1907, denying the motion of the defendants to set aside the judgment entered against them by default. An examination of the record convinces us that the entry of judgment was the result of a "mistake or excusable neglect" on the part of the attorneys for the defendants, and that the motion should have been granted. The case appeared on the day calendar on the 18th, 19th and 20th days of June, 1907, and one of

the defendants was in court with six witnesses each day ready for trial. On June 20th the case was the eighth on the day calendar. On June 19th plaintiffs obtained an order to show cause why the action should not be severed, staying all proceedings on the defendants' part meantime, and all witnesses were dismissed. But for that application and stay the action would have been tried. The motion to sever the action was denied, and on June 27th the memorandum first appeared in the Law Journal. Immediately on that day plaintiffs entered an order ex parte denying the motion and restoring the case to the day calendar, at the head thereof, for the following day. The first intimation defendants had of the entry of that order was when it was served upon them on June 27th. They appeared in court on the 28th of June, with affidavits showing these facts, and the efforts made by them in the short time allowed to procure their witnesses and their inability to secure the presence of "two necessary and material witnesses" in time for the trial, and requested an adjournment until October. But a few days of the June term before final adjournment for the summer vacation remained. The court directed the defendants to give an undertaking by July 2d to pay any judgment that might be entered against them, and the case was thereupon adjourned until October. An order was entered to that effect, reciting defendants' consent, and directing the entry of judgment against them if the undertaking was not filed within the time fixed. They dispute the fact that such consent was given by them, but they did not move to resettle the order.

The two defendants were represented by different attorneys, and each relied upon the other to procure and file the undertaking. The result was that neither filed it, and judgment was entered on the order just referred to. Immediately they moved to vacate it, and the reasons of the neglect were set forth by affidavit. On that motion an undertaking was offered, executed by a surety company, binding itself, "that if the judgment was vacated, and if upon a trial thereafter the plaintiffs prevailed, said surety company would pay said judgment, or cause the same to be paid, not exceeding the amount claimed in the complaint, with interest and costs, to wit, $845.23, and such further costs as may be added thereto." No Trial Term was then in session, and plaintiffs were amply protected by the undertaking which defendants were ready and willing to give. The motion was denied. We think it should have been granted. The fault originally rested with plaintiffs. But for their stay, which resulted in a delay of eight days before their motion to sever was disposed of, the action could, and probably would, have been disposed of. Meantime the witnesses for the defendants without fault on their part separated, and two of them could not be procured in the short time within which it was necessary to act.

We think, in view of the summary manner in which the action was restored to the calendar, that justice would be better served by giving the defendants their day in court, to the end that their defense may be heard and disposed of on the merits. The defendants, however, should pay as a condition of the favor a trial fee of $30, a term fee of $10, for opposing the motion $10, and all plaintiffs' disbursements

in taking the inquest and entering judgment (Marchesini v. Scacci-anoce, 110 App. Div. 130, 96 N. Y. Supp. 1095) ; the undertaking to be served and filed, or if, upon examination, it shall be found that it does not fully protect the plaintiffs, a new one must be executed by a surety company within 10 days.

The order should be reversed, and the motion granted, upon complying with the terms indicated within 10 days after service of a copy of the order. If terms are not complied with, motion denied, with $10 costs. No costs of appeal.

