(61 Misc. Rep. 597.)

### DAMSKY v. DOCHTERMAN et al.

(Supreme Court, Appellate Term. January 15, 1909.)

1. JUDGMENT (§ 338*)—BY DEFAULT—OPENING.

A party against whom a judgment of dismissal is taken at the trial because of his inability to present his case after an adjournment has been refused need not appeal from the order denying adjournment, but may obtain relief by motion at Special Term to open the judgment on terms.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 721; Dec. Dig. § 338.*]

2. APPEAL AND ERROR (§ 91*)—DECISIONS REVIEWABLE.

An order denying an application for an adjournment to procure a necessary witness affects a substantial right, and therefore is appealable, under Code Civ. Proc. § 3189, and section 1347, subd. 4.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 633; Dec. Dig. § 91.*]

Appeal from City Court of New York, Trial Term.

Action by Joseph Damsky, an infant, by Adolph Damsky, his guardian ad litem, against Charles Dochterman and others. From an order of the City Court denying an adjournment and dismissing the complaint, and an order denying a motion to open plaintiff's default and restore the case to the calendar for trial, plaintiff appeals. Order denying motion for adjournment affirmed, and order denying motion to open judgment of dismissal reversed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Abramson & Potter, for appellant.

Frank Verner Johnson (Louis Cohn, of counsel), for respondent.

PER CURIAM. The plaintiff's motion to open a dismissal, suffered at the trial because of the absence of a necessary witness, was denied upon the ground, as appears from the papers on appeal, that the question was concluded by the determination of the court at the time when the cause was called for trial and an adjournment refused, which determination was to be reviewed only by direct appeal from an order denying the application for an adjournment. This rule of practice, announced by the Appellate Division of the Second Department (Warth v. Moore Co., 125 App. Div. 211, 109 N. Y. Supp. 116), has not been adopted in the First Department. The case of Marchesini v. Scaccianoce, 110 App. Div. 130, 96 N. Y. Supp. 1095, is authority for the procedure followed by the plaintiff in seeking the exercise of the court's discretion at Special Term for the purpose of obtaining relief from a judgment taken at the trial because of his inability to present his case after an adjournment had been refused, and the facts presented on the motion being such as to require the opening of the judgment, on terms, in the proper exercise of discretion (Richard v. Nat. Dis. Co. [Sup.] 95 N. Y. Supp. 547), the application should have been entertained on the merits and granted.

There is also before us an appeal by the plaintiff from an order entered at Trial Term upon the denial of the application for an adjournment. This order affects a substantial right, and therefore is appealable (Code Civ. Proc. § 3189, and section 1347, subd. 4); but, in view of the distinction in character between the application for an adjournment at the trial and a subsequent motion to open the judgment on terms, as noted in Marchesini v. Scaccianoce, supra, the ruling of the justice at Trial Term, upon the affidaits presented, does not disclose reversible error.

Order denying motion for adjournment affirmed, with $10 costs and disbursements. Order denying motion to open judgment of dismissal reversed, with $10 costs and disbursements, and motion granted, upon payment of costs before notice of trial and $10 motion costs within five days.