## HARDE et al. v. PURDY.

(Supreme Court, Appellate Term. February 5, 1909.)

1. APPEAL AND ERROR (§ 9*)—CONTINUANCE—DENIAL—PRACTICE FOR REVIEW.
    Upon denial of an application for postponement, the better practice is, instead of appealing from the order denying the application, to proceed to trial and appeal from the judgment if it is unfavorable, and bring up on appeal the order denying postponement, or to suffer a default and appeal from a refusal to open it.
    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 9.*]

2. APPEAL AND ERROR (§ 717*)—RECORD—QUESTIONS PRESENTED—OPINION OF TRIAL COURT.
    While the opinion of the trial court is no part of the record on appeal, it may be examined to ascertain the reasons of the decision.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2967; Dec. Dig. § 717.*]

3. COURTS (§ 90*)—PREVIOUS DECISIONS AS PRECEDENTS—EFFECT OF OVERRULING DECISION.
    Defendant's application for a postponement was denied, and defendant defaulted, and thereafter moved to open the default, the motion being

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

based on the same facts as the application for postponement; but the motion was denied, and defendant, relying on a decision of the Second Department, holding that an appeal from the order denying a postponement was the proper course in such cases, permitted the time to appeal from the default order to expire. *Held* that, while ordinarily the better practice was to appeal from the order refusing to open the default, under the circumstances, an appeal could be taken from the order denying the postponement, and an appeal therefrom would not be dismissed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 319; Dec. Dig, § 90.*]

4. APPEAL AND ERROR (§ 91*)—DECISIONS REVIEWABLE—NATURE OF DECISION —ORDER DENYING POSTPONEMENT.

An order denying a motion to postpone is appealable, being one affecting a substantial right.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 91.*]

Appeal from City Court of New York, Trial Term.

Action by Dudley S. Harde and another against Gertrude F. Purdy. From an order denying a motion to postpone, defendant appealed. On motion to dismiss the appeal. Motion denied.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Russell H. Robbins, for appellant.
Nathan Ottinger, for respondents.

GILDERSLEEVE, P. J. An order was made herein, at a Trial Term of the City Court, on October 30, 1908, which order denied the defendant's application for a postponement of the trial of the action. This order was filed on December 7, 1908, and the defendant appealed therefrom, and this is a motion made to dismiss such appeal.

The order aforesaid, in addition to denying the defendant's motion to postpone the trial, ordered that an inquest be taken, which was done, and a judgment entered thereon on November 19, 1908. On November 24, 1908, the defendant obtained an order to show cause why the inquest so taken and the judgment entered should not be vacated, and her default opened, which order was returnable at a Special Term of the City Court. This motion appears to have been founded upon affidavits made by the same persons and setting forth the same facts as were used on behalf of the defendant upon the application made to put off the trial. The motion to open the default was denied, and an order to that effect entered on December 4, 1908. No appeal has been taken from this order, and the time in which to do so has expired. This last-named order recited no grounds for the denial of the motion, and we are asked to dismiss the appeal from the first-mentioned order, upon the grounds that, the motion to open the default having been made upon the same facts as the motion to postpone the trial, and having been, it is urged, denied upon the merits, the decision upon the appeal from the order denying the motion to postpone the trial would be simply determining a question already decided, and which is res adjudicata as to the defendant. To support this claim we are cited the case of Rubenstein v. Schmuck (Sup.) 113 N. Y. Supp. 554 in which the practice of appealing from an order

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

made at Special Term, which denies a motion to postpone the trial, is discussed, and it is intimated that it is the better practice to allow an inquest to be taken, when a motion to postpone a trial is denied, and then to move to open the default, on which motion the whole matter may be disposed of by one motion; the court on such a motion having greater authority and discretion in fixing the terms.

The situation of the defendant in this case, as shown by the foregoing facts, is an illustration of the error of the practice taken herein and the wisdom of adopting the rule as laid down in the Rubenstein Case. If the order appealed from is reversed, the decision on the appeal can affect nothing but the order appealed from, and the defendant will still be confronted by the judgment, thus necessitating further proceedings on his part before the end sought for is reached, whereas an appeal from the default order would have, if successful, promptly and cheaply accomplished the relief asked for by the defendant. It is clear, therefore, that upon the denial of an application for the postponement of the trial of an action the better practice for an aggrieved party would be either to proceed with the trial and appeal from a judgment, if one is obtained against him, and bring up for review the order denying his motion for a postponement, or to suffer a default and then to move to open such default. Notwithstanding the defendant has not followed this practice, under the peculiar circumstances shown herein, we do not think that the appeal should be dismissed.

Although no grounds for denying defendant's motion to open her default are recited in the order, it is clear that it was denied by the City Court justice for want of power, and he so states in his opinion. While the opinion is no part of the record it may be examined to ascertain what principle governed the court in arriving at its decision. Kenyon v. Kenyon, 88 Hun, 211, 34 N. Y. Supp. 720. He based his decision upon the case of Warth v. Moore Blind Stitcher Co., 125 App. Div. 211, 109 N. Y. Supp. 116, a decision of the Second Department, which, in the absence of later or other decisions, the justice very properly followed. Subsequent to the making of such decision the Case of Rubenstein, above cited, was handed down in the First Department. Prior to this later decision the defendant's attorney, relying upon the Warth Case, took no appeal from the default order, but rested upon the appeal taken from the order denying the motion to postpone the case, and the opposing affidavits state that this was the position taken by the respondents' attorney upon the argument of that motion. If, therefore, the appeal is dismissed, the defendant will be remediless by reason of having followed a practice then prevailing and having the sanction of a superior court.

The decisions above referred to are not conflicting. The decision in the Warth Case is based upon a rule of the Second Department. The Rubenstein Case does not declare that an appeal cannot be taken from the denial of a motion to postpone a trial, and in fact states that there might be cases where that would be the proper course to pursue; but it points out why it would be best to follow the other course of permitting an inquest to be taken and then moving in Special Term

to open the default. Concededly the order itself is an appealable one, being one affecting a substantial right. Should this court, upon the hearing of the appeal, reverse the order appealed from, the lower court would undoubtedly grant leave to the defendant to open the default and determine the same upon the merits.

Motion denied. All concur.