### HARDE et al. v. PURDY.

(Supreme Court, Appellate Term. March 5, 1909.)

CONTINUANCE (§ 20*)—ABSENCE OF COUNSEL—ATTENDANCE IN ANOTHER COURT.
 Where counsel for defendant, when the case is called for trial, shows that he is actually engaged in the trial of a case in another court, and will probably be so engaged during the day, the court should adjourn the case subject to such engagement, though the case had been twice continued because of defendant's illness, and at the last continuance it was set for trial at this date "at all events."

 [Ed. Note.—For other cases, see Continuance, Cent. Dig. § 55; Dec. Dig. § 20.*]

Appeal from City Court of New York.

Action by Dudley S. Harde and Herbert S. Harde against Gertrude F. Purdy. From an order denying a motion for an adjournment, and directing the taking of an inquest, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Russell H. Robbins (Harry W. Alden, of counsel), for appellant.
Nathan Ottinger, for respondents.

GILDERSLEEVE, P. J. This cause was called for trial on Tuesday, November 17, 1908, and an affidavit, submitted by the attorney for the defendant, in which he testified that he was then actually engaged in the trial of a case in the Supreme Court, and had been so engaged since the preceding Friday, and that it would doubtless take all that day to finish the trial. Upon the presentation of this affidavit the court denied the motion for a postponement, and the plaintiffs took an inquest immediately. It is true that the case had appeared upon the calendar on the 9th of November, at which time the case was adjourned until the 17th, and the trial judge asserted that it was understood at that time that the case would be tried on the 17th "at all events." It is equally true that the defendant had previously obtained a postponement of the trial from June 25th to October on account of her illness. There seems to have been some misunderstanding· between the court and defendant's representative as to what was agreed upon, at the time the case was called on November 9th, regarding the taking of the deposition of the defendant, in case of her inability to be present at the trial; but, inasmuch as the defendant's attorney had, apparently in good faith, gone into the trial of a case four days before this one was to be reached, and only

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

asked, in substance, that the case be held subject to the termination of that engagement, which at most would take but that one day, the court should have held the case subject to that engagement.

Setting a case down for trial "peremptorily" cannot deprive a party from having a postponement thereof, if he has a legal excuse, although it may require stronger proof to obtain a postponement under such circumstances than it otherwise would.  In the case at bar the defendant had an excuse, perfectly legal and universally recognized by trial justices, and this was not disputed by the plaintiff. The prior postponements did not materially affect the situation arising at the time the application for postponement was made on November 17th, and the defendant was clearly entitled to the time asked for. The respondents' attorney devotes much of his brief to authorities applying to motions to open defaults.  Such is not this case.  We have no power over the judgment, however, as there is no appeal from the order denying defendant's motion to open her default, which would have been the better practice.  See opinion in this case in 114 N. Y. Supp. 814; Damsky v. Dochtermann (Sup.) 114 N. Y. Supp. 170.

Order appealed from reversed, with $10 costs and disbursements. All concur.