Winston G. **HAYWOOD,**
Plaintiff-Appellant,

v.

Rosalie C. **HAYWOOD,**
Defendant-Respondent.

No. 36327.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 12, 1975.

Leyhe, Jacobsmeyer & Meyer, Donald E. Heck, Clayton, for plaintiff-appellant.

Lemay & Dunlop, Clayton, for defendant-respondent.

WEIER, Presiding Judge.

Upon submission of plaintiff's motion to modify a prior decree of divorce, the trial court terminated a child support award of $37.50 per week, but denied the other part of the motion seeking to reduce or eliminate alimony of $200.00 per month. Plaintiff filed a motion for new trial as to the issue of alimony. This was overruled by the court on June 19, 1974. Plaintiff then filed a timely notice of appeal but directed it to be "from the Order overruling Motion for New Trial entered in this action on the 19th day of June, 1974".

The denial of a motion for new trial or other after-trial motion is not an appealable order. Where an after-trial motion is denied, the appeal should be from the judgment to which the motion is directed. The notice is therefore ineffectual to bring anything before this court. A failure to file a proper notice of appeal alone is sufficient reason for this court to dismiss the appeal. *Cady v. Kansas City Southern Railway Co.*, 512 S.W.2d 882, 884[2–4] (Mo. App.1974). But we would probably attribute a good faith effort to appeal from the judgment to plaintiff and consider the appeal if it were not for the deficiencies in the plaintiff's brief.

Rule 84.04(d) requires that: "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities * * *. Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this rule."

Plaintiff has set out as points relied on three abstract statements of the law with a citation of authorities under each statement. We might agree that the law is stated correctly in the brief, but there is a complete failure to comply with Rule 84.-04(d). Although we review the entire cause upon both the law and the evidence in a court-tried case, this does not excuse compliance with this rule. We do not review the case on our own initiative to find some theory and facts in support thereof in order to establish that the trial court reached the wrong result. *Troyer v. Click*, 457 S.W.2d 221, 223[4] (Mo.App.1970).

Continued function of the appellate process in large part depends upon reasonable compliance with the rules of practice. Without the conscientious and effective help of counsel, the tremendous increase in case volume will overwhelm the system. *Donnell v. Vigus Quarries, Inc.*, 489 S.W.2d 223, 225 (Mo.App.1972).

The appeal is dismissed for failure to comply with the rules, it not appearing that the interest of justice otherwise requires. Rule 84.08.

DOWD and RENDLEN, JJ., concur.