In this appeal we are asked to determine whether the trial court abused its discretion in dismissing plaintiffs' action with prejudice for want of prosecution. We find no abuse of discretion and affirm.
Plaintiffs filed a malpractice action against Hand, a dentist, on January 12, 1977. The case was originally set for trial October 18, 1977, but was continued over the objection of the defendant on the grounds that plaintiffs had additional preparation and discovery to do. The case was *Page 280 
then set for trial the week of May 22, 1978, and was again continued. The case was next set for trial the week of June 12, 1978. The week before plaintiffs again moved for a continuance on the ground that a material witness would not be available. That motion was denied when a telephone call to the witness revealed that she would be in town and available for trial on June 12. Defendant's counsel proceeded to prepare for trial on Monday the 12th.
On Friday, June 9th, however, plaintiffs again requested a continuance, this time in a telephone conversation with the trial judge. As a justification plaintiffs' counsel asserted that he was required to appear in court in Cullman County on June 12 for trial on three felony cases. The trial judge replied that he could not grant a motion over the phone, but would entertain a proper motion after notice to opposing counsel and a hearing. The hearing was set for June 12. When no one appeared to argue the motion plaintiffs' counsel was sought in the Tuscaloosa County courthouse but was not found. The trial judge then ordered the case to trial instanter and, when plaintiffs and their counsel did not appear, dismissed the complaint for want of prosecution. Plaintiffs' motion to set aside the judgment of dismissal was denied.
This Court stated the rule governing the granting of continuances in circumstances such as these in the case of Cityof Birmingham v. Goolsby, 227 Ala. 421, 150 So. 322 (1933). We consider it appropriate to restate that rule here in full:
 "`Ordinarily the fact that an attorney is professionally engaged elsewhere in the trial of a cause does not give an absolute right of continuance, and a denial of the application is generally sustained as an exercise of sound discretion. The courtesy existing between members of the bar, and recognized by trial courts, will usually in such cases enable a counsel to postpone a cause for a few days in one of the courts so as to enable him to be present at both trials. But this is purely a matter of grace and not of law. The rights of litigants in one court are not to be determined by the condition of the docket in another, nor because an opposing counsel has assumed duties in different courts which may conflict. Cases may of course arise when the denial of the right of continuance might amount to an abuse of discretion; but under such circumstances it is not sufficient to show that the absent attorney was expecting a case to be called in another court, but it must be shown that he is at the time actually engaged in the trial of the other cause. Moreover it must be made to appear that under the circumstances other professional advice is unavailable, and that there is a meritorious cause of action or defense thereto which cannot be effectively presented without the presence of the absent attorney.'" (Emphasis supplied.)
In Steele v. Gill, 283 Ala. 364, 217 So.2d 75 (1968), we reiterated the point that the attorney against whom the dismissal is granted must be actually engaged in the trial of another case at the time the judgment of dismissal is taken. Here it appears that plaintiffs' counsel was not engaged in the trial of another case on June 12 but was merely "directed to appear" and "be ready for trial" on the cases in Cullman County. The Cullman County felonies were not addressed by that court until Thursday, June 15, and, in fact, were never tried. The defendant should not be penalized by opposing counsel's obligations to his other clients, where counsel is not actually engaged in the trial of another case. Under the circumstances the trial court did not abuse its discretion when it refused to grant the continuance, ordered the case for trial instanter, and dismissed the complaint with prejudice for want of prosecution.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur. *Page 281