Thurman R. LUCKY and Madeline J. Lucky, Appellants,

v.

AVON PRODUCTS, INC., Respondent.

No. KCD 30470.

Missouri Court of Appeals,
Western District.

Oct. 29, 1979.

Austin B. Speers, Kansas City, for appellants; John C. Milholland, Harrisonville, of counsel.

Steven G. Emerson, Morris, Larson, King, Stamper & Bold, Kansas City, for respondent.

Before WASSERSTROM, C. J., and WELBORN and BARNES, Special Judges.

WASSERSTROM, Chief Judge.

Suit by an employee against his employer for personal injuries and by the employee's wife for loss of consortium. The jury found for the defendant and plaintiffs appeal. Their sole point on appeal relates to the propriety of Instruction No. 5 under which defendant submitted the issue of contributory negligence.

■ A preliminary matter requires disposition. Defendant has moved to dismiss the appeal on two grounds. First, it points out that plaintiffs' notice of appeal specified that the appeal was being taken from the circuit court's order denying their motion for new trial. That order was nonappealable, and the appeal should have been taken from the judgment in favor of defendant. Nevertheless, appellants who have made this same mistake in the past have received reluctant indulgence and have not suffered the harsh penalty of dismissal. *Empire Gas Corp. v. Randolph*, 552 S.W.2d 82 (Mo.App.1977). A similar indulgence will be extended here.

■ Defendant's second ground for asking dismissal is that Point Relied Upon I B. was not raised in plaintiffs' motion for new trial and therefore should not be considered on appeal. This objection becomes moot in light of the fact that we conclude that this case must be reversed because of Point I A., without regard at all to Point I B. Accordingly, defendant's motion to dismiss is overruled.

Plaintiffs' Point I A. objects to Instruction No. 5 in that it instructed the jury to find for defendant if it believed that "Plaintiff Thurman R. Lucky failed to keep the truck under control * * *."[1] The nature of the basic argument between the parties is delineated by the pleadings which are contained in the record. Plaintiffs' petition alleges that defendant was negligent in improperly loading the trailer being hauled by plaintiff Thurman R. Lucky so that the material within the trailer would shift and cause the trailer to overturn. Defendant's answer, on the other hand, charges Lucky was negligent in certain specific respects, including driving the truck at an excessive rate of speed and failing to

---

1. Instruction No. 5 in full was as follows:

"Your verdict must be for defendant on the claims of both Thurman R. Lucky and Madeline Lucky for damages whether or not defendant was negligent, if you believe:

Plaintiff Thurman R. Lucky failed to keep the truck under control while entering the curve at 4400 East 87th Street; or

plaintiff Thurman R. Lucky failed to properly brake and properly steer the truck and trailer he was operating after the rear wheels went off the surface of the roadway at or near 4400 East 87th Street; or

plaintiff Thurman R. Lucky was driving his truck at an excessive rate of speed under the circumstances then and there existing; and

Second, plaintiff Thurman R. Lucky in any one or more of the respects submitted in Paragraph First, was thereby negligent; and Third, said negligence of plaintiff Thurman R. Lucky directly caused or directly contributed to cause any damage plaintiff Thurman R. Lucky may have sustained.

The term 'negligent' or 'negligence' as used in this instruction means the failure to use the highest degree of care. The phrase 'highest degree of care' means that degree of care that a very careful or prudent person would use under the same or similar circumstances."

properly brake and properly steer the truck. The parties are in complete agreement that the truck did go out of control and because of that, overturned. The issue between them was why the truck went out of control—whether that happened by reason of the fault of defendant or because of the fault of plaintiff Thurman Lucky.

■ By submitting a disjunctive charge that the jury should find for defendant if Lucky "failed to keep the truck under control," the trial court failed to confine the jury's consideration to the factual issues and gave the jury a roving commission. Such a submission of general negligence has been frequently condemned. *McIntyre v. Whited*, 440 S.W.2d 449, 451 (Mo.1969); *Evans v. Landolt*, 389 S.W.2d 15, 18 (Mo.1965); *Coit v. Bentz*, 348 S.W.2d 941, 945 (Mo. 1961); and cases cited in those opinions.

■ Defendant virtually concedes error in Instruction No. 5 but contends that such error was immaterial because plaintiffs failed to make a submissible case. However, defendant's effort to argue the facts of the case runs into the insurmountable obstacle that no evidence has been included in the record on appeal. The transcript shows the reason for this omission as follows: "By agreement of counsel the evidence at the trial is eliminated with the exceptions of the Court's instructions which are the basis of the appeal." That statement by the court reporter is substantiated by the following stipulation which is contained in the transcript and signed by counsel for all parties:

> "This partial Transcript on Appeal is hereby approved. The parties hereby stipulate that the transcript shall include the Amended Petition, Amended Answer, Instructions 1 through 11, Judgment, Plaintiffs' Motion for New Trial, the Court's Order overruling said motion, Notice of Appeal, Order Extending Time for filing Transcript, Receipt of Transcript, Approval and Stipulation."

Absent presentation here of a proper evidentiary foundation, defendant's argument against sufficiency of the evidence fails.

The judgment is reversed and the cause remanded for new trial.

All concur.