**Pierre L. LaBARGE, Jr., Petitioner-Respondent,**

v.

**Mary Ann LaBARGE, Respondent-Appellant.**

No. 42174.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 17, 1981.

Motion for Rehearing and/or Transfer Denied Jan. 15, 1982.

Baine, Edward & Wideman, Robert P. Baine, Jr., Clayton, John A. Walsh, Jr., St. Louis, for respondent-appellant.

Donald H. Clooney, St. Louis, for petitioner-respondent.

CRIST, Judge.

Wife attempts to appeal from the order denying her motion for a new trial in a proceeding to set aside a decree of dissolution. We dismiss by reason of a defective notice of appeal.

The denial of a motion for a new trial is not an appealable order. *Cady v. Kansas City Southern Railway Co.*, 512 S.W.2d 882, 885 (Mo.App.1974); *Haywood v. Haywood*, 527 S.W.2d 36, 37 (Mo.App.1975).

We are aware that inadequacy of a notice of appeal is often waived by appellate courts in the interest of justice. See, *Bildner v. Giacoma*, 522 S.W.2d 83, 87 (Mo.App. 1975). Accordingly, we believe an explanation for this dismissal is indicated. *United Tel. Co. of Missouri v. Horn*, 610 S.W.2d 701 (Mo.App.1980).

The marriage of the parties was dissolved on July 21, 1978. Each was represented by lawyer. The trial court based its order dividing their property upon their signed stipulation. There was no appeal from this order. *See, State ex rel. McClintock v. Black*, 608 S.W.2d 405 (Mo.banc 1980). On December 7, 1978, husband filed his motion to transfer principal custody of their daughter, age 16, to husband. Wife responded on March 8, 1979, by filing her motion to set aside the court's order relating to division of property. In wife's second amended motion of June 6, she alleged fraud in that:

(1) Husband made a gift, some 80 days before the dissolution, in an amount of $415,000.00 to a charitable donee of stock set off to husband by the decree at value of $2,905.00. Husband's tax advance was a marital asset; and

(2) Husband received by the decree real estate in Louisiana which was under valued by reason of husband's failure to tell her of the value of the mineral rights in and to said real estate; and

(3) Husband concealed the fact that he was the beneficiary of a profit sharing plan and of a pension plan. These assets were omitted from the stipulation and were not included in the dissolution decree.

The trial court ruled that the stock and real estate had been disposed of in the original dissolution. We agree with the court below that as to the property allocated by the original decree, the decree is conclusive and not open to modification. *Schulz v. Schulz*, 612 S.W.2d 380, 382 (Mo. App.1980). The allegations of fraud as to the stock and real estate could not stand because such allegations related to the merits of the original proceeding. Relief can only be accorded for extrinsic fraud leading to attainment of the judgment and cannot be granted for intrinsic fraud touching the merits of the action. Any allegation as to fraud touching the award of marital property in this action could not be considered. *Koeller v. Koeller*, 589 S.W.2d 620, 623 (Mo. App.1979).

The trial court gave wife one-half of the value of the profit sharing plan ($33,326.00), but denied her any interest in husband's pension plan because it had not vested. Husband could not realize any pecuniary benefit from the pension plan until he was age 55. At the time of the proceedings in question, husband was 54 years old. As husband had not reached 55, he had received no marital property.

We perceive no commanding argument for invoking our discretion to review.

We dismiss by reason of a defective notice of appeal filed by wife's previous counsel.

REINHARD, P. J., and SNYDER, J., concur.