Barbara L. (Reynolds)
PITTMAN, Respondent,

v.

Franklin E. REYNOLDS, Appellant.

No. WD 35172.

Missouri Court of Appeals,
Western District.

Oct. 16, 1984.

Lamar Dye, Kansas City, for appellant.

John Kurtz, Popham, Conway, Sweeny, Fremont & Bundschu, P.C., Kansas City, for respondent.

Before CLARK, P.J., and DIXON and LOWENSTEIN, JJ.

CLARK, Presiding Judge.

This is a proceeding for modification of a divorce decree in which respondent, the former wife, sought and was granted an increase in child support payments from appellant and attorney fees. After the order was entered setting the amount of child support and allowing the fees, appellant filed successive motions seeking rehearing by the trial court. Those motions were overruled and, on this appeal, the appellant contends the trial court erred in failing to grant the relief requested in the motions. The appeal is dismissed for want of jurisdiction to consider the subject matter presented in the appeal.

The case originates in a decree of divorce entered August 8, 1969. In that judgment, appellant was ordered to pay support of $25.00 per week for each of three children born of the marriage. No change was sought or ordered in the amount of support until 1983 when respondent moved to increase the allowance. The motion was contested by appellant and, after a hearing, the court ordered payments increased to $50.00 per week per child. The date of the order was July 13, 1983.

On July 23, 1983, appellant filed a motion "To Set Aside Order Of Child Support And Grant Rehearing." The motion contended that appellant could supply added evidence demonstrating his inability to pay the increased amount of child support and suggested that the evidence had not been offered at the motion hearing through inad-

vertence. Before that motion was ruled, appellant filed a supplementary motion for rehearing on the ground of "newly discovered" evidence. According to the motion, the evidence consisted of proof that subsequent to entry of the order on July 13, 1983, appellant had been discharged from his employment and was without income. Both motions were overruled on August 8, 1983 and a notice of appeal to this court was filed August 18, 1983.

The notice of appeal indicated the judgment or order appealed to be the order overruling the motions for rehearing described above. Respondent has moved to dismiss the appeal on the ground that an order overruling a motion for rehearing is not an appealable order.

 It has long been the settled law that the denial of an after trial motion is not an appealable order but that appeal must be taken from the judgment to which the motion was directed. *Haywood v. Haywood*, 527 S.W.2d 36 (Mo.App.1975). A notice of appeal which seeks review on the basis of a denial of a motion for new trial or other after judgment motion overruled or denied is completely ineffectual to bring anything before the appellate court. *Cady v. Kansas City Southern Railway Co.*, 512 S.W.2d 882, 884 (Mo.App.1974). Considering only the content of the notice of appeal as presented in this case, the appeal is subject to dismissal on the grounds announced in the above cited cases.

We are aware that inadequacy in the content of the notice of appeal has frequently been waived by the appellate courts of this state where the interests of justice were perceived by the court to warrant consideration of the merits of the appeal as briefed and argued. *City of Joplin v. Joplin Water Works Co.*, 386 S.W.2d 369 (Mo.1965); *State ex rel. State Highway Commission v. Kendrick*, 383 S.W.2d 740 (Mo.1964); *Moore v. Rollmo Corp.*, 575 S.W.2d 859 (Mo.App.1978). The doctrine of leniency, however has apparently been extended ex gratia and without discernable uniformity. *LaBarge v. LaBarge*, 627 S.W.2d 647 (Mo.App.1981); *Lucky v. Avon Products, Inc.*, 589 S.W.2d 364 (Mo.App. 1979). Where violation of the appeal requirements of Rule 81.08(a) has not resulted in dismissal of the appeal, the decisions at least recite a good faith attempt by the appellant to present issues which are both cognizable by the appellate court and discernable from the briefs and the record. This is not such a case.

Appellant here plainly has attempted to seek appellate review of the decision by the trial court not to set aside the child support order and reopen the case for additional evidence. Not only does the notice of appeal specify the orders overruling the motions as the orders appealed but a copy of the orders overruling the after trial motions is attached to the notice in compliance with the requirement that a copy of the judgment appealed be supplied with the notice.

The content of appellant's brief confirms the premise, drawn from the content of the notice of appeal, that the error presented for appellate review is the failure of the trial court to set aside the July 13 order for child support and reopen the case for additional evidence. Appellant argues that within thirty days after entry of the order, he presented an affidavit setting out facts as to his income and assets not introduced in evidence at the hearing, and also proposed to offer proof that after the hearing had concluded his circumstances had materially changed by reason of loss of employment. The brief contends, without citation of relevant supporting authority, that the trial court abused its discretion in failing to receive and consider the post-order evidence proffered.

Whatever may be the merits of appellant's challenge to the child support order under the economic facts described in appellant's post judgment motions and supporting documents, there is no appeal from an order denying a motion to set aside a

judgment and hear additional evidence. There is likewise no basis here to review the support order itself, even were we inclined to ignore the deficiency in the notice of appeal, because the facts which appellant contends make the order unreasonable are those asserted in the post trial motion and they are not and were not in evidence.

Finally, appellant asserts that consideration should be extended to his appeal, notwithstanding the deficiencies in the notice of appeal and the brief, because the welfare and status of children are involved. Appellant cites *A____ v. A____*, 493 S.W.2d 660 (Mo.App.1973) as authority for the proposition. At oral argument, appellant enlarged upon the point by suggesting that the relationship between the children and appellant would be adversely affected if appellant were obligated to pay more in child support than he was able to sustain.

This contention is summarily rejected as a transparent perversion of the concern for the welfare of children which prompted consideration of the issues in *A____ v. A____, supra.* There, the dispute between parties to a divorce action was as to child custody and the court elected to review the award of custody because of concern that the disposition be compatible with the evidence. We are not so disposed in this case where the object of the appeal is to seek rehearing with a view to reducing the father's contribution to support his children.

The respondent's motion is sustained and the appeal is dismissed.

All concur.