Phillip A. WARD and Mary L. Martin,
Plaintiffs-Respondents,

v.

Ralph DAVIS and Fay Davis,
Defendants-Appellants.

No. 49291.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 26, 1985.

Joseph V. Neill, St. Louis, for defendants-appellants.

Ellsworth Cundiff, St. Charles, for plaintiffs-respondents.

CARL R. GAERTNER, Presiding Judge.

Defendants appeal the circuit court's refusal to set aside a judgment entered after a hearing on an assigned trial date at which defendants and their attorney failed to appear.

Plaintiffs sued upon a promissory note given by defendants in consideration for the sale to defendants of an interest in a body shop. Defendants filed an answer in which they asserted no affirmative defenses. On the date set for trial plaintiffs and their counsel appeared, but no one appeared for defendants. The court clerk and bailiff attempted to contact counsel for the defendants, to no avail. Thereafter the court heard testimony and entered judgment against the absent defendants in the full amount of the note, $5,553.00, plus $500.00 in attorney's fees, as authorized by the note.

Simultaneously, the court issued an order for defendants' attorney to show cause why he should not be held in contempt of court for failing to appear. Later that same day, after receiving a telephone call from the attorney, the court set aside the order to show cause, but noted that the attorney's absence was without justification. At a subsequent hearing on the motion to set aside the judgment, defendants' attorney explained that he was involved in a criminal case in St. Louis County at the time the judgment was rendered and that efforts to reach him were unavailing because the court's officers were not using his correct telephone number. Two numbers had been transposed on his typewritten entry of appearance. The court refused to set aside the judgment, finding that the defendants' failure to appear and defend was unjustified. Of particular significance to the court was the fact that not only did the attorney fail to appear, but the defendants themselves were also absent.

Defendants appeal "from the adverse ruling on the motion to set aside the default judgment." In this motion they assert:

That the defendant [sic] has a meritorious defense to the plaintiffs' allegation in its [sic] petition in that there was not proper consideration for the transfer of any funds and further, that the amount owindg [sic] and due, if any, are [sic] substantially less than that set forth in the note.

On appeal defendants advance the same argument which is obviously based upon the assumption that the judgment was a default judgment, subject to being set aside under Rule 74.12. This assumption is erroneous. After a defendant has filed an answer to the plaintiffs' petition, the case is no longer in default. In such a case a judgment entered when the defendant fails to appear on the date the case is set for trial is not a default judgment, as that term is used in the rule. *Caldwell Paint Manufacturing Co. v. LeBeau*, 591 S.W.2d 1, 5

(Mo.App.1979); *Donnell v. Vigus Quarries, Inc.,* 457 S.W.2d 249, 252 (Mo.App. 1970); *Hamm v. Hamm,* 437 S.W.2d 449, 452 (Mo.App.1969). In *Hamm,* after failing to appear at the time set for trial, the defendant filed a "motion to have judgment set aside." The court concluded that, despite the title, the motion should be considered as a motion for new trial. We will give similar consideration to the motion of defendant filed herein. We will also overlook the defective notice of appeal from the adverse ruling on the motion, rather than from the judgment. *Pittman v. Reynolds,* 679 S.W.2d 892, 893 (Mo.App.1984). Defendants' motion fails to allege any trial court error. Rather, it can only be construed as a request to the trial court to grant a new trial under Rule 78.01, "upon good cause shown." The motion is directed solely to the discretion of the trial court.

■ In denying the motion the trial court expressly found no justification or valid excuse for the failure of defendants to appear. Defendants' attorney alleges in the motion to set aside that he was "pre-assigned" to trial of a criminal case in the Circuit Court of St. Louis County at the same time this case was set for trial in the Circuit Court of Franklin County. We note from the legal file that on July 31, 1984, this case was set for trial on September 17, 1984. On September 12, 1984, the parties consented to a waiver of trial by jury but requested retention of the September 17 trial date. The record does not disclose when defendants' attorney was "pre-assigned" to commence trial of the criminal case on that same date. There is no allegation of any attempt by defendants' attorney to resolve this conflict except his statement that he unsuccessfully attempted to telephone plaintiffs' attorney on Saturday, September 15, 1984. The record is totally devoid of any allegation that defendants' attorney attempted to notify the trial judge or the circuit clerk of the scheduling conflict at any time. However, as noted by the trial court, defendants' attorney apparently did notify his clients not to appear.

Under these circumstances we find no abuse of discretion in the trial court's determination that the failure to appear was without justification or valid excuse.

■ It has been consistently held that the absence of counsel by reason of being engaged in another court when a case is called for trial does not, standing alone, require the setting aside of a judgment. *Clinton v. Clinton,* 444 S.W.2d 677, 680 (Mo.App.1969); *Krieber v. Krieber,* 420 S.W.2d 376, 379 (Mo.App.1967); *Savings Finance Corp. v. Blair,* 280 S.W.2d 675, 679 (Mo.App.1955); *Williams v. Barr,* 61 S.W.2d 420, 422 (Mo.App.1933). Rather, consideration of all of the circumstances, on a case by case basis, must be undertaken in viewing the exercise of discretion by the trial court in such a case. *Savings Finance Corp. v. Blair,* 280 S.W.2d at 679. For example, this court recently found an abuse of discretion in the refusal to set aside the dismissal of a plaintiff's case where plaintiff's attorney was one hour late for a trial setting because of a scheduling conflict in another court. *See Horobec v. Mueller,* 628 S.W.2d 942, 945 (Mo.App. 1982).

We are not unsympathetic with the plight of the lawyer who finds himself scheduled in different courts at the same time. We believe similar attitudes are held by trial judges, who recognize that scheduling conflicts between courts, especially between those using different docketing systems, are inevitable. We are also confident that Missouri trial judges are not so imbued with their own self-importance that they would turn deaf ears upon the plight of attorneys not gifted with the ability of bilocation. Indeed, our research has not disclosed a single incident where an appellate court of this state has been called upon to examine, for abuse of discretion, the order of a trial judge who, given notice of a lawyer's untenable situation, nevertheless obstinately demands his own priority without consideration or respect for the equali-

ty of the docketing concerns of another court.[1]

However, it is manifestly incumbent upon the attorney to bring his problem to the attention of the courts and to seek the cooperation of the judges involved. Judges are and must be in control of their dockets. It is totally inappropriate for a lawyer to unilaterally and privately decide which of two assignments he will accept and to silently ignore the other.

██ Moreover, in the instant case the motion to set aside is deficient in showing good cause for a new trial in that it fails to allege, other than in a purely conclusionary manner, that defendants had a meritorious defense. The allegation "that there was not proper consideration" for the note first appears in the post-hearing motion. It was not raised as an affirmative defense as required by Rule 55.08. Furthermore, § 431.020, RSMo. 1978, expressly imports a consideration to any written instrument constituting a promise by the signer to pay money to another. The allegation sets forth no facts showing wherein and how the consideration was not proper. Nor does the record reflect any exposition of why or to what extent the amount due was "substantially less than that set forth in the note." The bare conclusions stated in the motion, unsupported by factual allegations or evidence, fail to show a meritorious defense which might demonstrate good cause for setting aside the judgment and granting a new trial.

Mindful of the mandate imposed upon us by Rule 84.14 to finally dispose of the case "unless justice otherwise requires," we address an issue disclosed upon oral argument of this appeal. Defendants' attorney argued that his clients were entitled to a "set-off." In response, plaintiffs' attorney conceded that in drafting the petition he had mistakenly overlooked the set-off to which defendants were entitled. He stated he thought that credit therefor had been given at the hearing. Since the judgment was entered for the face amount of the note, his recollection in this regard is obviously in error. Nothing in the record before us nor in oral argument reflects the nature or the amount of the set-off. However, faced with the candid admission by plaintiffs' attorney that defendants are entitled to some reduction from the full amount of the note, we feel constrained by the requirements of justice to remand this case to the trial court for the sole purpose of entering a new judgment in the amount acknowledged by plaintiffs to be due upon the note. Interest shall accrue upon that amount from September 17, 1984, the date of the original judgment.

SMITH and SNYDER, JJ., concur.

---

1. Anticipation of scheduling conflicts and adoption in advance of policies through which they may be consistently resolved is to be commended. For example, the cooperative policies approved in 1979 by the presiding judges of the Circuit Courts of the City of St. Louis, St. Louis County, St. Charles County, Jefferson County and the United States District Court for the Eastern District of Missouri, establishing a system of priorities, considerably alleviated the problem of the lawyer expected to be in two places at the same time.