**Adolph EVANS, Plaintiff-Respondent,**

v.

**Diane STEGALL, et al.,
Defendants-Appellants.**

**No. 50842.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 16, 1986.

Doris G. Black, St. Louis, for defendants-appellants.

David L. Colson, Farmington, for plaintiff-respondent.

REINHARD, Judge.

Defendants appeal from an order denying defendants' motion to set aside judgment for plaintiff in plaintiff's unlawful detainer action. We affirm.

In January 1985 plaintiff, the owner of a trailer court, filed an action for unlawful detainer against defendants, who had been leasing trailer space from him. Defend-

ants answered and filed a counter claim against plaintiff alleging that plaintiff had engaged in racially discriminatory housing practices. The cause was certified to the Circuit Court of St. Francois County because of the amount of damages alleged in the counterclaim. The trial was set to be held on September 25, 1985, and notice of that setting was mailed to the parties by the Clerk of the Court on August 12. However, neither the defendants nor defense counsel appeared for trial. The court proceeded to hear evidence on the scheduled trial date and entered judgment in favor of plaintiff on the unlawful detainer action and awarded him money damages. The court also rendered judgment against defendants on their counterclaim.

On September 30, 1985, defendants filed a "Motion to Set Aside Default Judgment" pursuant to Rule 74.05. In the motion they allege that they have "a good and meritorious defense," and that defendants' attorney was in another trial in the Circuit Court of the City of St. Louis for the entire week of September 23 through September 27, 1985. They further allege that there were no other attorneys available from their attorney's office to appear for them, and that "both plaintiff and the court were duly notified of this development." Attached to the motion were affidavits of Doris Gregory Black and her secretary. Doris Gregory Black's affidavit stated that she was the legal counsel for the defendants, and "that before the time set for hearing [on the underlying action in this case] [she] had contacted the office of the Plaintiff's attorney ... and left a message that [she] would be in trial at the time set for hearing, requesting that he return the call." She further averred that she had been in trial on another matter in the Circuit Court of the City of St. Louis for the entire week of September 23 through September 27, 1985.[1]

The attached affidavit of Trudy V. Charles stated that she was Doris Gregory Black's secretary and that on September 23, 1985, she "called the clerk of the Circuit Court of St. Francois County, Missouri ... and notified the Court that the attorney for the Defendant would be unable to appear for the hearing set for that date due to a trial on the same date in the Circuit Court of the City of St. Louis, Missouri."

In plaintiff's answer to the motion to set aside judgment, plaintiff's counsel indicates that "he received a call at his office on Tuesday, September 24, in which the caller advised that Doris Black was in trial and would not be able to come to Farmington on September 25." Upon returning home that night at 11:00 p.m., he found a message to call Doris Black. He called her office the next morning and informed her secretary that he would not agree to a continuance "since this case had been previously set for some period of time." The secretary said she would advise Doris Black and that Ms. Black would contact him before 1:30 p.m., the time the case was set for trial. Plaintiff's counsel did not hear from Doris Black until September 30, 1985, when the motion to set aside judgment was delivered to him. Plaintiff further alleged in his answer that the judgment in this case was not a default judgment.[2]

In the court's order denying defendants' motion, the court found that the parties were notified of the trial date of September 25, 1985, by letter dated August 12, 1985. The court further found that:

[N]o communication of any type was received from any person concerning the setting until Tuesday, September 24, 1985, at approximately 2:30 p.m. when a call was received by the Court Clerk from a person who stated, "the case of Evans v. Stegall can't be heard because Defendant's Attorney can't be there."

---

1. Defense counsel states in her brief that she originally expected the case in the Circuit Court of the City of St. Louis to be completed in two days. We find no such allegation in her affidavit.

2. We agree that this is not a default judgment, but is instead a judgment rendered "as if the case were in default." *Williams Energy Co. v. Tracy Truck Leasing,* 562 S.W.2d 765, 767 n. 1 (Mo.App.1978).

The person did not identify herself but was advised to call David L. Colsen, plaintiff's attorney.

The court further stated:

[T]he case was set far enough in advance for Counsel for Defendants to have made adequate preparation for avoidance of conflict of other legal matters with the trial setting; or in the absence of such preparation Counsel should have been more diligent in informing the court by proper motion. Absent either of the above, the mandate of RSMo § 534.130, and the testimony of Plaintiff's witnesses led the court to the conclusion that these factors add to Plaintiff's substantial injury if further delayed and outweigh any claim of meritorious defense.

We note first that defendants' point on appeal is insufficient. Defendants merely state that "[t]he Circuit Court erred in overruling the motion to set aside the default judgment." As in *Pillow v. Sayad*, 655 S.W.2d 816 (Mo.App.1983), defendants' point preserves nothing for review because it fails to indicate wherein and why the ruling of the trial court was erroneous.

In any event, defendants recognized in their brief that under the applicable Missouri law the obstacles confronting them are almost insurmountable. They stated:

It is well settled in Missouri that it is within the sound discretion of the trial court to grant or refuse a continuance. It is also well settled that the fact that defendant's counsel may be engaged elsewhere does not, in and of itself, compel a continuance. While the discretion exercised by the court is judicial in nature and reviewable on appeal, every intendment is in favor of the court's ruling. (Citations omitted.)

\*    \*    \*    \*    \*    \*

Under the particular facts and circumstances of this case, we believe that the denial of continuance was an abuse of discretion. Because the courts of Missouri have not yet ruled favorable (sic) on this issue, Missouri should consider the case of *Vold v. Hand*, 366 So.2d 279 (Ala.1979).

Among the cases cited by the defendants is *Clinton v. Clinton*, 444 S.W.2d 677 (Mo. App.1969). There as here the challenged judgment was not a true default judgment because an answer had been filed. This court stated:

The proof in this case clearly indicates that the attorney for the defendant was engaged in a trial in Kansas City on the date the default was taken. The record shows that this case had been set for trial by order of court entered on November 6, 1967. The date for trial was fixed as December 1, 1967, in Division 2. This entering appears in the TRIAL CALENDAR. Four days before trial, attorney for plaintiff wrote attorney for defendant reminding him of the trial date. This letter was received in the office of the defendant's attorney three days before trial. The defendant's attorney then relied upon *his secretary* to notify the court and the plaintiff's counsel as to his being in Kansas City. *No motion for continuance in conformity with Section 510.090, RSMo 1959, V.A.M.S. was filed.* (Emphasis ours.)

*Id.* at 680.

It has long been the rule that to warrant the vacation of a default judgment, a defendant must show a good and sufficient reason for his default and that he has a meritorious defense, \* \* \*. The fact that a party's counsel was engaged in the trial of another case is, standing alone, no reason for setting aside a judgment where the party failed to appear for the trial.

*Id.* at 681.

We find no abuse of discretion by the trial court in this matter. Our reading of *Vold*, 366 So.2d at 279, the Alabama case cited by defendants, leads us to conclude that the law in Missouri is not far from that which exists in Alabama on this issue. The major weakness of defendants' claim is that defense counsel filed no proper request for continuance and made no

direct contact with opposing counsel or the court. It may well have been that circumstances existed which would have warranted a continuance if properly presented to the court in a motion, and if properly presented such a motion might well have been granted. However, under the facts of this case we find no abuse of discretion on the part of the trial court in proceeding to hear evidence and enter judgment without the presence of defendants or their counsel.

Judgment affirmed.[3]

DOWD, P.J., and CRIST, J., concur.

---

**3.** Respondent's motions which were taken with the case are denied.