**ENSCO DISTRIBUTING CORPORATION, Respondent,**

v.

**OPPENHEIMER PRECISION PRODUCTS, INC., Appellant.**

**No. 51203.**

Missouri Court of Appeals, Eastern District, Division One.

Jan. 27, 1987.

Leyhe, Meyer, Leyhe, Baker & Lobel, William H. Leyhe, III, St. Louis, for appellant.

Julius H. Berg, Dennis Buchheit, Clayton, for respondent.

CRIST, Judge.

Oppenheimer Precision Products, Inc., (defendant) appeals after a January 9, 1986 judgment was entered on a jury verdict in favor of Ensco Distributing Corporation (plaintiff) in an action to recover sales commissions. Defendant, on January 30, 1986, filed an untimely motion for a new trial in a Motion for New Trial Upon Motion of Defendant or *Sua Sponte*. That motion alleged two types of misconduct by the same juror, juror's failure to fully disclose his relationship to probate court litigation over a family estate, and juror's speaking with two of plaintiff's trial witnesses during trial. The trial court sustained plaintiff's motion to dismiss defendant's motion for a new trial and overruled defendant's *sua sponte* motion. Defendant appeals. We affirm.

■ Defendant's motion was filed twenty-one days after judgment was entered although defendant's counsel became aware of the conversations at the latest two days after the verdict. The motion was untimely. Rule 78.04. The trial judge, within thirty days of the January 9 judgment, by authority of Rule 75.01, conducted a hearing regarding the alleged juror misconduct. The trial court chose not to exercise its discretion to order a new trial on its own initiative.

■ Since there were no timely post-trial motions, the January 9, 1986 judgment became final after thirty days. *Davidson v. Commerce Bank of Mexico, N.A.*, 667 S.W.2d 477, 477–78 [1] (Mo.App.1984); and *State ex rel. Campbell v. Anderson*, 536 S.W.2d 200, 201–2 [3] (Mo.App.1976). Defendant filed a timely notice of appeal on February 18, 1986. In its notice of appeal and in its brief, defendant states it "appeals because of the Court's failure to grant Defendant a new trial," and not from the merits of the case. It cannot do that; as with the denial of a motion for new trial, there is no appeal from the refusal of the trial court to exercise its discretion to set aside or amend a judgment under Rule 75.01. *See Pittman v. Reynolds*, 679 S.W.2d 892, 893 [1] (Mo.App.1984); and *LaBarge v. LaBarge*, 627 S.W.2d 647 [1] (Mo. App.1981).

■ Defendant cannot appeal the trial court's refusal to set aside the judgment, and a liberal construction of its notice of appeal as dealing with the alleged juror misconduct in speaking with plaintiff's wit-

nesses does not save defendant's appeal. The evidence taken on defendant's untimely motion is not available to defendant on appeal for the purpose of setting aside or amending the January 9, 1986 judgment. *Ford v. Spiller*, 241 S.W.2d 1, 4 [2] (Mo. 1951). The record contains no other evidence pertaining to this allegation of misconduct. Even if we considered it, the evidence of juror misconduct presented at the hearing on the untimely motion would be insufficient to support finding the trial court abused its discretion. *See Berry v. Allgood*, 672 S.W.2d 74 (Mo. banc 1984).

We turn our attention to the only point for which there is supportive evidence in the record on appeal; juror's failure to fully disclose, during voir dire, the legal status of his father's estate. From the voir dire transcript we cannot find juror intentionally withheld information. During voir dire, juror said he had "one dealing with court, besides traffic violations"; he disclosed his father died in 1982, his stepmother was appointed executrix of the estate, the family had to go through the probate court system to get the estate clear, and the estate was settled "pretty well for everybody." On the record on appeal there is no evidence of intentional concealment or of prejudice to defendant. Unlike *Anderson v. Burlington N.R.R.*, 651 S.W.2d 176 (Mo.App.1983), relied on by defendant, juror responded during voir dire and his response, as it appears in the transcript, evidences no intent to conceal.

Judgment affirmed.

KELLY, P.J., and SIMEONE, Senior Judge, concur.