PIONEER ADVERTISING COMPANY, INC., Plaintiff–Respondent,

v.

RINGLEADER RESTAURANTS, INC., Defendant–Appellant.

Nos. 19269, 19398.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 29, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 10, 1994.

Application to Transfer Denied Nov. 22, 1994.

Stephen H. Snead, Wallace, Saunders, Austin, Brown & Enochs, P.C., Springfield, for plaintiff-respondent.

Gregory W. Aleshire, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, for defendant-appellant.

PREWITT, Judge.

Defendant appeals from a judgment granting plaintiff the relief it sought and denying defendant's counterclaim.

Defendant has one point relied on by which it contends the trial court erred in proceeding to trial as its attorney was in trial in another court at the time trial commenced in this matter and had informed this trial judge of the conflict. Granting a continuance is within the sound discretion of the trial court. *Evans v. Stegall,* 716 S.W.2d 488, 490 (Mo.App.1986). See also *Ward v. Davis,* 701 S.W.2d 192, 194 (Mo.App.1985). Absence of an attorney because of being engaged in another court does not of itself require setting aside a judgment. *Ward,* at 194. Consideration of the circumstances of each case must be undertaken in reviewing the exercise of discretion of the trial court. *Id.*

The cause here was filed on May 7, 1992. Defendant filed its answer, counterclaim and jury trial demand on June 15, 1992. The docket sheets indicate the case was "placed" on jury dockets for September 1992, November 1992, January 1993, March 1993, May 1993, August 1993, and December 1993. The record does not explain why it was not tried earlier. The December 1993 jury docket was called on November 23, 1993. At that docket one of plaintiff's attorneys was present but no one appeared for defendant. The case was set as the fifth case for Monday, December 6, 1993 and copies of that entry were sent to the attorneys.

The record indicates that during the afternoon of Friday, December 3, 1993, defendant's attorney called the trial judge saying he had a case set for trial in St. Louis on Monday, December 6, 1993 "and had to commence". The judge said he suggested that the attorney talk to the other attorneys and see what their position was and file a motion for continuance. On December 6, 1993, a motion for continuance was filed. A prior jury case was tried and this case was reached on Wednesday, December 8, 1993.

As the motion for continuance was not called up for hearing, the trial court did not rule on it. The trial judge stated he had his clerk call defendant's attorney's office on December 7, 1993, and "leave word that this case would be for trial before a jury starting on Wednesday". One of plaintiff's attorneys gave the court a letter faxed to him which said that defendant's attorney was "assigned to trial in the City of St. Louis Circuit Court ... today (Wednesday) and probably most of Thursday." The letter was dated December 8, 1993. The trial court proceeded to take up this matter and after hearing evidence entered judgment in plaintiff's favor for $8,517.95 and denied defendant's counterclaim.[1]

Defendant had "local counsel" whose reason for not being present at the docket call and trial is not apparent from the record.

1. Notice of appeal was filed January 4, 1994. On January 5, 1994, the court amended the judgment by adding "Motion for continuance not taken up." On January 24, 1994, defendant filed its motion to set aside the judgment or for new trial. That motion was denied on January 26, 1994, and defendant again filed a notice of appeal. The appeals were consolidated here. As no issue is raised regarding these appeals, it is not necessary to determine whether both were necessary. Both appeals are disposed of by this opinion.

Defendant's prime counsel practices as a sole practitioner in St. Louis. Defendant's motion for a continuance requested a continuance "from the docket of 6 December 1993 for the reason that Counsel for Defendant will be in trial in the City of St. Louis during the week of December 6, 1993 on a case older than this case."

Defendant's motion to set aside the judgment recited that its counsel was not available because he was in trial in the Circuit Court of St. Louis on December 8, 1993. That trial was a mechanics lien action where defendant's counsel represented the plaintiff. It was apparently filed on January 11, 1991. According to defendant, its attorney was notified of the setting of the St. Louis case "[d]uring the week of 29 November 1993 … that the City of St. Louis Circuit Court case would be assigned for trial during the week of 6 December 1993."

There is no indication in the record that defendant's attorney sought any assistance or relief regarding the St. Louis Circuit Court case. The present case was set first and the record does not clarify when counsel for defendant received notice of the setting of the St. Louis case, other than it was received "the week of 29 November 1993". It was on the afternoon of the last working day of that week when the trial judge in this matter was contacted.

■ Defendant's counsel urges us to establish a rule that the first case filed takes priority when there is a conflict in scheduling for an attorney in two or more cases. Such a rule would not be practical. Each situation has to be handled on its own circumstances as there are numerous other factors which may be relevant, such as jury or nonjury, the schedules of witnesses, parties, the other judges and attorneys involved, the length of trial time and perhaps complexity of the matters.

Defendant's counsel represented a plaintiff in a case that had been pending for nearly three years and it is understandable why he may have preferred to try that case before one where he represented a defendant, although with a counterclaim. Nevertheless, it was not up to him to make that decision.

"[I]t is manifestly incumbent upon the attorney to bring his problem to the attention of the courts and to seek the cooperation of the judges involved. Judges are and must be in control of their dockets. It is totally inappropriate for a lawyer to unilaterally and privately decide which of two assignments he will accept and to silently ignore the other." *Ward,* 701 S.W.2d at 195.

We are sympathetic to defendant's counsel's predicament, but as quoted from *Ward* above, it was his duty to bring his problem to the attention of the courts, not just one court, and to seek their cooperation. For whatever reason, both cases had been pending for a considerable amount of time. If the courts had been asked to cooperate in resolving the scheduling conflict, it may well have been adequately handled so that appeal on this contention would not have been necessary.

At the time the trial judge here proceeded, the record does not establish that he had all of the information later presented in the motion to set aside the judgment; nor does it appear that either he or the judge or judges involved in the other matter were asked to help resolve the conflict. Under the circumstances here, we cannot say the trial court abused its discretion in proceeding to trial and not setting aside the judgment.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.