## CITY OF BIRMINGHAM v. GOOLSBY.

### 6 Div. 73.

Supreme Court of Alabama.

April 6, 1933.

Rehearing Granted June 9, 1933.

Rehearing Denied Nov. 2, 1933.

Horace C. Wilkinson, of Birmingham, for appellant.

John W. Altman and Walter S. Smith, both of Birmingham, for appellee.

BROWN, Justice.

This is an action by the appellee against the appellant for negligent maintenance by the defendant of its sanitary sewerage system, in consequence of which foul and noxious sewage water from said system was caused to back up and flow through the bathroom in plaintiff's home; and is a companion of the case of City of Birmingham v. Greer, 220 Ala. 678, 126 So. 859.

The suit was commenced on April 20, 1927, against the appellant, city of Birmingham, and the county of Jefferson, and the summons and complaint was served, according to the

return of the sheriff indorsed thereon, "on City of Birmingham, a Municipal Corporation, by leaving a copy of within with Jimmie Jones, Jr., President of said Company," on April 23, 1927.

The city of Birmingham appearing specially on April 29, 1927, filed a motion to quash the service on grounds, to state their substance, that the person on whom the summons and complaint was served was not a proper officer to receive or accept service for the city.

On May 2, 1927, the county of Jefferson appeared and filed a demurrer to the complaint.

The case was thereafter continued from time to time—eight in all—until June 8, 1931, when it was set specially. In the meantime, the Greer Case was tried on April 3, 1930, appealed to and affirmed in this court on January 16, 1931, and rehearing denied April 3, 1931.

While the Greer Case was pending on appeal, it appears on June 8, 1928, this case was continued "by agreement of counsel." According to the statement of plaintiff's counsel, as it appears in the bill of exceptions: "After this decision in the Greer Case, this Goolsby case was set down for trial, and, according to my recollection, after looking at this record, on or about June 18th, 1928, Mr. Wilkinson, who was the City Attorney, and myself agreed that we would allow this case to await the decision on the Greer Case, and to be settled accordingly as the Greer Case was finally determined. After the Greer Case was determined, I called Mr. Wilkinson's attention to this, and he told me he didn't have any power to make such an agreement of settlement definitely, but that he had agreed to recommend to Mr. Wynne, who is the City Attorney, that it be settled on the same basis as the Greer Case terminated. He informed me that he would, and subsequently informed me that he had made this recommendation to Mr. Wynne, who is the City Attorney, and that Mr. Wynne refused to approve."

The statement of defendant's counsel as it appears in the bill of exceptions is: "On June 18, 1928, this case was continued as per agreement of counsel. Mr. Altman has referred to that agreement. My recollection of what I said to him was that I would recommend that this case be settled on the same basis as the Greer Case if the Greer Case was affirmed. Under the terms of my employment by the City, I have no authority to settle cases, never have had and don't want any. When a case is referred to me, it is referred to me for trial. All settlements *and investigations* and things of that kind are made in the City Attorney's office before the case is referred to me. I am the trial counsel. When the Greer Case was finally disposed of I wrote the City Attorney, recommending a settlement in this case for the same amount of the Greer Case, in accordance with my agreement with

Mr. Altman. The City Attorney declined to concur in that, and wrote me, and I sent Mr. Altman the letter, stating what his position was on it." (Italics supplied.)

When the case was called for trial on June 8, 1931, it was continued to June 15, 1931, for the reason that defendant's attorney, Judge Wilkinson, was then engaged in the trial of a case in another division of the court.

When the case was called for trial on June 15, 1931, the plaintiff announced ready for trial, and the court was informed that defendant's attorney, Judge Wilkinson, was engaged in the trial of a case before Judge McElroy's division. The court sent for Judge Wilkinson, and informed him that plaintiff had announced ready for trial, and asked if the city was ready. "Judge Wilkinson announced that he was ready, except for the fact that he was engaged in the trial of a case before Judge McElroy, which had come over from the previous week, and that in his opinion it would take several days longer to try that case, or to complete the trial of that case." The court then stated, when the case was set before, he had informed defendant's counsel that he (the court) would set it specially for this date, and informed defendant's attorney at the time that he must either be ready or have some one there to represent the city, and defendant's attorney stated he intended to be ready, and was ready, but that he had been called in the trial of this case before Judge McElroy and had not completed the trial of it. The court then stated that the plaintiff was ready and he would have to proceed with the trial of the case.

Defendant's counsel was then sworn and made the following statement: "I want to state that I am employed by the City of Birmingham to represent it in the defense of these damage suits. I was employed to represent it in this case of William Goolsby against the City and entered an appearance. I think that the docket will show that. There are three cases that are termed companion cases; one is the Greer Case; the other, the Banks Case; the other, the Goolsby Case; all of them involving claims for damages growing out of the overflow of a sewer in Woodlawn. The Greer Case was tried sometime ago, and I represented the City in the defense of that case, and it was affirmed by the Supreme Court. The Banks Case was tried, and I represented the City in the defense of that case. Since last Thursday, a week ago, I have been continuously engaged in another division of this court—Judge McElroy's division—in the trial of the case of C. A. Goodwin & Company against Clemmie L. Bell, and others, which involves the disposition of proceeds of the insurance policies of Dr. Bell, who was President of the Woodlawn Savings Bank at the time he died. The case was transferred to Judge McElroy by the presiding Judge of this court, and he announced he was going to stay

with the case until it was completed. We started taking the testimony Thursday, a week ago, and we have worked every day since and both Saturdays, and there are still quite a number of witnesses to be examined. My judgment is that the trial of the case will run until at least Thursday or Friday of this week, maybe longer. I have a witness up there waiting now; I assume he is here; he said he would be here at two o'clock. I summoned him from Anniston this morning over long distance, and have him and a number of other local witnesses waiting. For that reason, it is physically impossible for me to try this case at the present time. As quick as I finish the case of Goodwin against Clemmie L. Bell, in which I represent the Superintendent of Banks, then I am perfectly willing to come here and try this case. * * * I am due in Judge McElroy's Court now, but I ask your Honor to have the bailiff go up and tell him where I was, as I wanted to make this statement to the Court. Last Monday, when the case was passed over until today, and it looked like I might be tied up, I tried to get some relief from some other member of the City's legal staff, and I found that by reason of the fact that the Legislature is in session that the City's legal staff is overloaded with work. Mr. Willis looks after the drafting of ordinances and the checking up of bills and things of that kind, and has more than he can do; and Mr. Wynne, City Attorney, has had to spend a good deal of time with the matter. I don't know of anybody connected with the City's legal staff that can try this case. It is the character of case that ought to be tried, in my judgment, by somebody who has prepared it and is familiar with it; and all that the City asks is that the case just be left on call just long enough for me to get to it. That is all I want to say about it. * * * The only reason this case is not tried is because I am unable to get to it, being engaged in this extraordinary case over here. I will try this case, if it is held, just as quickly as I can get through with that case, and that is all I can say about it. Mr. Ellis Brown is not a regular city attorney; he handles some little condemnation cases here for the City, but since the retrenchment down there his connection with the City has been terminated. Mr. Parker prosecutes city appeal cases in the morning and takes care of the police Court and some of the routine work around the City Attorney's office in the afternoon, and he is not available for the trial of this case; he knows nothing about it; he has not investigated it, and neither has Mr. Wynne or Mr. Willis. In fact, they are not paid to try cases; I am paid to try them; I am employed by the City for that purpose, and the only lawyer they have got for that purpose. I try all of them. I have been trying them for six years."

The court thereupon overruled the defendant's motion to hold the case over for trial until the case on trial before the other division in which defendant's counsel was engaged was completed, and the defendant reserved an exception.

Defendant's attorney then left the court and resumed the trial of the other case. The court thereupon overruled the defendant's motion to quash the service on defendant, sustained the demurrers filed by the county of Jefferson, allowed the plaintiff to amend the complaint eliminating Jefferson county as a defendant, and entered a judgment nil dicit against the city of Birmingham, with writ of inquiry to ascertain the damages. Thereupon a jury was impaneled, and after verdict ascertaining the damages, judgment final was entered.

Thereafter the defendant made a motion to set aside the judgment nil dicit, and the verdict of the jury, on the grounds that the court had grossly abused his discretion in refusing to postpone the trial, and that the damages awarded were excessive. This motion was overruled and, defendant excepted.

The appeal here is from the judgment nil dicit and the order overruling the motion to set aside the judgment.

Under the uniform decisions of this court, an order overruling or granting a motion to set aside a judgment nil dicit, or judgment by default, will not support an appeal; nor can such ruling be assigned as error on appeal from the judgment. Ex parte Gay (Sovereign Camp, W. O. W. v. Gay), 213 Ala. 5, 104 So. 898; Truss v. Birmingham, La-Grange & Macon Railroad Co., 96 Ala. 316, 11 So. 454; Collins Paving Co. v. Holseapple, 221 Ala. 308, 128 So. 599; Mosaic Templars of America v. Hall, 220 Ala. 305, 124 So. 879; Gibson v. Farmers' Bank of Luverne, 218 Ala. 554, 119 So. 664.

However, where there is a writ of inquiry to assess the damages, and the defendant appears and is heard in the execution of the writ of inquiry, questions arising in relation thereto may be made the basis for a new trial in respect to the measure and quantum of damages. Truss v. Birmingham, La-Grange & Macon Railroad Co., supra.

The motion in the instant case is not within this exception, and the assignment of errors in respect to the ruling on the motion to set aside the judgment will not be considered.

The judgment nil dicit will support the appeal, and questions raised on the record or reserved by bill of exceptions, occurring before the rendition of the judgment and related thereto, may be assigned as error on appeal from the judgment. Oliver v. Kinney, 173 Ala. 593, 56 So. 203; Mosaic Templars of America v. Hall, supra.

This leaves open the single question presented by the first assignment of error: Did the trial court grossly abuse his discre-

tion in refusing to pass this case for trial, until counsel for defendant could complete the trial of the other case in which he was engaged? This is a question to be determined in the light of the rights of the parties to the suit, not the rights or conveniences of the attorneys. It may be conceded that ordinarily a party has the right to select counsel to try his case, and the courts should recognize this right, unless it unduly interferes with the right of the other party to have his case tried, without unreasonable delay. Corpus Juris states the rule: "Ordinarily the fact that an attorney is professionally engaged elsewhere in the trial of a cause does not give an absolute right of continuance, and a denial of the application is generally sustained as, an exercise of sound discretion. The courtesy existing between members of the bar, and recognized by trial courts, will usually in such cases enable a counsel to postpone a cause for a few days in one of the courts so as to enable him to be present at both trials. But this is purely a matter of grace and not of law. The rights of litigants in one court are not to be determined by the condition of the docket in another, nor because an opposing counsel has assumed duties in different courts which may conflict. Cases may of course arise when the denial of the right of continuance might amount to an abuse of discretion; but under such circumstances it is not sufficient to show that the absent attorney was expecting a case to be called in another court, but it must be shown that he is at the time actually engaged in the trial of the other cause. Moreover it must be made to appear that under the circumstances other professional advice is unavailable, *and that there is a meritorious cause of action or defense thereto which cannot be effectively presented without the presence of the absent attorney.*" (Italics supplied.) 13 C. J. p. 146, § 52.

The only pleading, on file in behalf of the appellant at the time the postponement was requested, was the motion to quash the service, which the court overruled after refusing appellant's request, and we may assume that appellant's counsel regarded this without merit, inasmuch as appellant had the right to assign this ruling as error and has not done so. The only statement in the bill of exceptions in any way relating to the defendant's defense was: "I have prepared this case and know all the facts in it and what the witnesses will testify to; in this case, unlike the two companion cases, there is a different proposition which I want to raise in this court when I have an opportunity." This was not sufficient to meet the requirement of the rule above stated.

There is another fault in the case as presented on this record. It appears that the case was fully investigated by the city attorney's office before it was referred to defendant's trial counsel; that the companion case of Greer v. City of Birmingham had

been tried, and appealed, and the law of the case settled, showing that the only litigable facts available to defendant were whether the conditions complained of existed, with notice or knowledge of the defendant and the quantum of damages suffered. After the decision of that case, this case was then referred to the city attorney on a proposition of compromise, and the compromise refused. This goes to show that the city attorney was familiar with the facts and the defenses, if any, available to the city, and for all that appears he was not at the time of the trial actually engaged elsewhere to the extent he could not have tried this case.

Therefore, we cannot affirm on this record that the court was guilty of gross abuse of discretion in refusing to postpone the case. The appellant had the burden of showing such abuse. Morris v. McElroy, Circuit Judge, 219 Ala. 369, 122 So. 608; Sovereign Camp, W. O. W., v. Gay, 217 Ala. 543, 117 So. 78; Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794; Trammell v. Hudmon, 86 Ala. 472, 6 So. 4; Continental Casualty Co. v. Ogburn, 186 Ala. 398, 64 So. 619; Alabama Great Southern R. R. Co. v. Hill, 93 Ala. 514, 9 So. 722, 30 Am. St. Rep. 65; Smith v. Collins & Griffith, 94 Ala. 394, 10 So. 334; Knowles v. Blue, 209 Ala. 27, 95 So. 481.

Section 12 of the Act of August 20, 1915 (Acts 1915, p. 298), only applies to personal injuries and injuries to personal property. City of Birmingham v. Flowers, 224 Ala. 279, 140 So. 353. And, moreover, the judgment concludes the inquiry as to compliance with any preliminary matters necessary to plaintiff's right to recover.

This disposes of the only question presented. The judgment will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

### On Rehearing.

PER CURIAM.

Upon further consideration by the court in banc, the opinion prevails that the trial court abused his discretion in declining to postpone the trial, until defendant's counsel finished the trial of the case in which he was then engaged. The following cases are in point: Harde v. Purdy, 115 N. Y. Supp. 92; Watkins' Adm'r v. Ahrens & Ott Manuf'g Co., 38 S. W. 868.

It results that the application for rehearing is therefore granted, the judgment of affirmance set aside, and the judgment of the circuit court is reversed, and the cause is remanded.

Rehearing granted; judgment reversed and remanded.

GARDNER, THOMAS, BROWN, FOSTER, and KNIGHT, JJ., concur.

ANDERSON, C. J., and BOULDIN, J., adhere to the original opinion by BROWN, J., and therefore dissent.