153 So. 189

## CITY OF BIRMINGHAM v. BANKS.

### 6 Div. 370.

Supreme Court of Alabama.

Jan. 18, 1934.

Rehearing Denied March 22, 1934.

W. J. Wynn and T. A. McFarland, both of Birmingham, for appellant.

John W. Altman and Fred G. Koenig, both of Birmingham, for appellee.

BROWN, Justice.

The facts and circumstances attending the appellant's application for a postponement of the trial clearly differentiate this case from the case of City of Birmingham v. Goolsby, 227 Ala. 421, 150 So. 322.

In that case it appeared that the defendant had only one attorney of record who was then actually engaged in the trial of another case in the same court, the circuit court of Jefferson county, which had been on trial for several days. It did not appear that the defendant had on the docket many cases—more than could be handled by one trial lawyer, without impeding the business of the court.

In the instant case the defendant had two attorneys of record, Messrs. Wilkinson and Burton, one of whom was engaged in taking

testimony before a committee of the United States Senate at the federal building in the city of Birmingham, but the record is silent as to how the other attorney of record was engaged, if at all. Moreover, it further appears that the city attorney, Mr. Wynn, after the presiding judge had overruled the motion to postpone the trial, sent Mr. Willis, one of his assistants, to aid Mr. Frank Wilkinson, who applied for a continuance, in trying the case, and Mr. Frank Wilkinson refused to participate in the trial, on the instruction of the senior member of his firm, and, in the absence of Mr. Frank Wilkinson, Mr. Willis declined to engage in the trial. It further appears that Messrs. Wilkinson and Burton had a very heavy docket of cases, many of them against the city of Birmingham.

 The motion to postpone the trial of the case was addressed to the sound judicial discretion of the trial court, and its refusal is not reviewable except for gross abuse of the discretion. Such motions depend upon the peculiar facts of the particular case. We are not of opinion that the record shows such abuse. This is the only question presented and argued.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.