Wm. H. Cowan and Vincent B. McAleer, both of Mobile, for appellee.

175 So. 703

## RELIANCE EQUIPMENT CO. v. MONTGOMERY.

### I Div. 268.

Court of Appeals of Alabama.

March 16, 1937.

Rehearing Denied June 29, 1937.

RICE, Judge.

On September 29, 1934, appellant filed suit against appellee.

On October 24, 1934, appellee, through his counsel, filed a general appearance in the cause, reserving "the right to demur or plead specially."

On October 27, 1934, appellee, through his counsel, suggested, in writing, filed in the cause, that he was duly adjudicated a bankrupt on October 25, 1934, and that appellant was listed in bankrupt defendant's

540

schedule of creditors; that it duly received notice from the bankrupt court notifying it of defendant's bankruptcy; and that the debt sued on was a dischargeable debt under the act of Congress relating to bankruptcy (Bankr.Act, 11 U.S.C.A. § 1 et seq.).

With the above "suggestion," and as a part of it, was a motion by appellee that the proceedings pending against him (the instant suit) be stayed "until the expiration of the time within which said bankrupt defendant has (had) a right by law to apply for his discharge in bankruptcy."

On November 3, 1934, the motion just above referred to was granted—the court entering an order which concluded as follows: "It is, therefore, ordered and adjudged by the court that all proceedings in this cause be and the same are hereby stayed pending termination of bankruptcy of the defendant."

On March 25, 1936, with no other pleadings on file than as we have described hereinabove, judgment was rendered in favor of appellant and against appellee for the amount sued for in appellant's complaint.

This we consider, and hold to be, a judgment "nil dicit"—a "judgment—rendered where defendant has entered a general appearance, but has failed to plead." 34 C.J. p. 148; Simmons et al. v. Titche Bros., 102 Ala. 317, 14 So. 786; 34 C.J. p. 96.

This appeal is from an order or judgment of the lower court purporting to grant a motion by appellee to set aside and vacate the above-mentioned judgment nil dicit.

Such an order or judgment is not, under our laws, appealable. City of Birmingham v. Goolsby, 227 Ala. 421, 150 So. 322. The appeal is, accordingly, dismissed. Code 1923, § 7318.

Appeal dismissed.