217 So.2d 75

**Houston STEELE**

**v.**

**J. B. GILL et al.**

**1 Div. 388, 400.**

Supreme Court of Alabama.

Dec. 12, 1968.

Farmer & Farmer, Dothan, for appellant.

# 365

Chas. B. Bailey, Jr., of McCorvey, Turner, Johnstone, Adams & May, Mobile, for appellees.

COLEMAN, Justice.

Plaintiff appeals from a judgment dismissing his cause "for want of prosecution."[1] Plaintiff prays for relief by mandamus if the judgment will not support an appeal.

▉ It appears that this court has decided that such a judgment will support an appeal and that mandamus to set aside the judgment does not lie.

In an action for breach of a bond, this court said:

. . . . This order dismissing for want of prosecution is such a final order or judgment as will support an appeal. . . . ." Ellis & Co. v. Brannon, 161 Ala. 573, 579, 49 So. 1034, 1035.

▉ In denying mandamus to require the trial judge to restore a suit in equity to the docket, this court said:

"The action of the trial court in dismissing the bill of complaint for want of prosecution was a final judgment from which an appeal could have been taken, and as to which, if erroneous, appeal was an adequate remedy. . . . ." Ex parte Lineville Nat. Bank, 217 Ala. 381, 382, 116 So. 419.

On these authorities, we hold that mandamus is due to be denied in the instant case.

Plaintiff commenced the action on July 9, 1965, by filing his complaint to recover for personal injury suffered in a motor vehicle collision. The complaint is signed by Joseph M. Matranga as attorney for the plaintiff.

Defendants filed demurrer which was overruled August 27, 1965.

On March 17, 1966, defendants filed pleas of the general issue.

Defendants filed a motion to require plaintiff to produce certain documents and on April 22, 1966, the court granted the motion. On April 29, 1966, the court granted defendants' motion to require plaintiff to answer questions on oral examination.

1. The judgment appealed from recites:
"*ORDER, CASE DISMISSED FOR WANT OF PROSECUTION*
THURSDAY, MAY 19, 1966
"This day in open Court came the defendants with their attorney, and it appearing to the Court that this cause was regularly set for trial for this day, and plaintiff's attorney not appearing, after having been duly called in open Court on this day, and upon motion of the defendants made orally in open Court on this day; It is ordered and adjudged by the Court that this cause be, and the same is hereby dismissed for want of prosecution. Plaintiff in Court.
"It is, therefore, ordered and adjudged by the Court that the defendants go hence without day, and have and recover of plaintiff all court costs in this cause created, for recovery of which, let execution issue."

On April 27, 1966, plaintiff's present attorney, J. Hubert Farmer, filed a written appearance as an associate attorney for plaintiff.

The record contains the transcript of a hearing held before the trial court on May 17, 1966. Plaintiff describes what took place at this hearing in brief in his Statement of Facts. Plaintiff's entire statement of facts is as follows:

"At the time this case was called for trial on May 17, 1966, Attorney Matranga asked for general continuance, as he had indicated to the Court on the preceeding (sic) day, for the reason that Attorney Farmer could not be present in Court; that Attorney Farmer represented and had represented Steele in other matters material here and with chich he, Attorney Matranga, was not familiar; that the trial Judge then and there stated that he would not continue the case for such reason; whereupon Attorney Matranga was allowed to withdraw his appearance in the case; the Court then continued the case until Thursday, May 19, 1966, at the time telling Appellant that if Attorney Farmer was not able to be present to try the case on the appointed day, it would be dismissed for want of prosecution.

"As will appear from the letter of Attorney Farmer to the trial Judge (Tr. 9), Appellant informed said attorney of the developments in the case, and that after learning of the same, his attorney wrote the letter in question and had it delivered to the Judge, who read it before dismissing the case. The letter in question reads as follows:

" 'J. HUBERT FARMER
Attorney at Law
316 N. Oates Street
Dothan, Alabama

"P. O. Box 427                                   Telephone SY 2-6766

"May 18, 1966

"Hon. Joseph M. Hoflander
· Circuit Judge
Mobile, Alabama

"Re: Houston Steele vs. J. W. Gill,
and Warley Produce Company

"Dear Judge:

"As you know, I am associated with Mr. Joseph M. Matranga, Attorney at Law, Mobile, Alabama, in representing Mr. Steele in the above case. I have been informed of the developments in this case as of yesterday, May 17. As of now, apparently, I am sole counsel for Mr Steele.

"I represented him rather successfully in a substantial case in our Circuit Court here some three years ago, as well as several matters since that time. I feel that I am most familiar with what developed as the background to the case in your Court. He very much wants me to try or help try this case. And I certainly owe him the duty to help him in this matter in every reasonable, legal, and honorable way.

"It so happens that before I knew the date his trial was to be held in Mobile, I had matters set for Tuesday, Wednesday, Thursday, and Friday of this week. One is a substantial compensation case with many witnesses, another a child custody case with much interest and the other in an arraign-

ment of a murder trial set in Ozark, Friday. It has therefore been absolutely impossible for me to make arrangements to try the case in Mobile.

"In the circumstances, I should be most disappointed to see Mr. Steele's case dismissed without his having his day in Court and through no fault of his. May I ask that you will please continue the matter until your next session for the trial of Civil Jury cases and let me know the week within which the case can be tried? I shall then make it a point either to have nothing set for me during that week or that tentative arrangements be made on any of my pending matters here, and all with the understanding that I can be in Mobile in connection with the Steele case until it is tried.

"Mr. Steele will be present in Court on the call of this case.

"I sincerely trust that you can see your way clear to grant my request as contained in this letter.

"Thanking you for your good attention to this matter, and with every good wish, I am

"Yours very truly,

"/s/J. HUBERT FARMER

"J. Hubert Farmer'"

"JHF/bcw

The letter to Judge Hocklander is set out in the transcript but is not marked filed.[2]

2. The following is the court reporter's entire transcript of the hearing on May 17:

"THE COURT: Yesterday, Mr. Matranga, you advised me that the gentleman that asked you to file this complaint, Mr.—

"MR. MATRANGA: J. Hubert Farmer—

"THE COURT: The Attorney from Dothan—

"MR. MATRANGA: Could not be here, and he is the Attorney,—one of the Attorneys of Record for Mr. Steele's case against J. W. Gill and Warley Fruit Company. I take the position that Mr. Steele hired Mr. Farmer and I further state that I at no time even thought about trying this case. Now, Mr. Farmer, since he is not here, and has conveyed to me the fact that he can't be here, I am asking for a continuance, and being that I think Mr. Farmer should be here,—that Mr. Steele has hired Mr. Farmer and I believe is entitled to Mr. Farmer. And further, there has been a settlement offered in this case, and if the Court does not—well, I won't predicate on any—I feel that the settlement offer should be accepted. Mr. Steele has a great deal of confidence in Mr. Farmer and Mr. Farmer is, I understand, a fine lawyer up there, and he has always handled Mr. Farmer's (sic) business. Were this case to end in a manner adverse to the interests of Mr. Steele, I think that he would—well, he would just be quite angry at me, because he wants Mr. Farmer and you can understand because of the background; and for those reasons I ask for a continuance. Further, if I am —well, I will just ask for a continuance and let it drop.

"THE COURT: You are Mr. Steele, aren't you?

"MR. STEELE: Yes sir.

"THE COURT: Do you know why Mr. Farmer did not come over here?

"MR. STEELE: I spoke to him last night, sir, and he told me he was sick.

"THE COURT: Now, the first thing that was communicated to me was the fact that he was engaged in other litigation, or was engaged in a workman's compensation case, and last night he told you he was sick?

"MR. STEELE: Yes sir.

"THE COURT: Now, this was brought to my attention yesterday. Mr. Matranga wanted a continuance and I told him I wasn't going to give him one. We expect cases to be tried when they are set, and while we are delighted to have attorneys from other parts of the State

The order of dismissal is set out above in Footnote 1.

Plaintiff assigns three errors. Assignments 1 and 2 are that the court erred in refusing to grant to plaintiff a continuance. Assignment 3 is that the court erred in dismissing the cause.

Plaintiff commences his argument in brief with the following statement:

"Appellant's Assignments of Error state in somewhat different language but in essence the same thing, viz: The trial Court abused its discretion in refusing to continue his case and dismissing the same out of Court on may 19, 1966, all to the great prejudice of the Appellant."

In his propositions of law, plaintiff cites first: "5A C.J.S. [Appeal and Error] #1583 at page 24." The summary of the general rule in 5A C.J.S. at page 24 recites:

"As a general rule, an appellate court will not review the action or rulings of the trial court with reference to matters resting in the latter's judicial discretion, unless such discretion has been clearly

and prejudicially abused; and some decisions appear to recognize an absolute or arbitrary discretion in certain classes of cases, which is never reviewable."

Plaintiff's argument must rest on the proposition that the trial court erred to reversal in denying a continuance on May 19 and dismissing the cause. If denial of continuance was not reversible error, then the dismissal of the cause was not error.

Defendants point out that, so far as the record shows, there is actually no motion for continuance made on May 19. The letter to Judge Hocklander, dated May 18, 1966, is not marked filed. If it was not filed, and we must presume it was not because the transcript does not show otherwise, we are at a loss to understand how the trial court was bound to consider it or how it is before us.

■ In any event, a motion to postpone the trial of a case is addressed to the sound discretion of the trial court, and "its refusal is not reviewable except for gross abuse of the discretion." City of Birmingham v. Banks, 228 Ala. 295, 296, 153 So. 189.

come down here, we feel that they must fit into our schedule, and they must subject themselves to the same rules as our local attorneys subject themselves to. I don't blame you for wanting some attorney from your own county to represent you in this matter. You apparently have discussed the possible settlement with him?

"A. Yes sir.

"THE COURT: And he does not agree with Mr. Matranga that it should be taken, or what?

"MR. STEELE: No sir, he doesn't.

"MR. MATRANGA: At this time I would respectfully ask the Court to allow me to withdraw as Mr. Steele's attorney, thereby leaving Mr. Farmer as the attorney, and for the reasons heretofore stated. I don't think that I should be—because of the differences that we feel, and further because Mr. Farmer is actually his attorney, and I can see if I stayed on as his attorney that it may well be that it would be my task to try this case, and I think Mr. Steele and I both agree that that is not the best thing,—to try the case in Mr. Farmer's absence, and I respectfully request the

Court to allow me to withdraw as Mr. Steele's attorney.

"THE COURT: Alright, I'm going to grant you that request. Now, I told you all yesterday I was going to dismiss the case today for want of prosecution if it weren't ready for trial, but I'm not going to do that, I'm going to give you one more chance to get Mr. Farmer to come over here. I'm going to pass this until Thursday,—that will be day after tomorrow in this same Court Room at 9:30. Now you tell Mr. Farmer that we are delighted to have him here, but our schedule is such that we must try these cases when they are set; and that if he is not able to be here to try this case Thursday, I'm going to have no choice but to dismiss it for want of prosecution. Is there anything else you wanted to tell the Court?

"MR. STEELE: No sir.

"THE COURT: I mean you just get in touch with Mr. Farmer and convey my message, because Mr. Matranga is no longer in the case. Alright, you may be back with your clients ready to proceed Thursday,—the case is passed until 9:30 A. M. Thursday morning in open Court."

We have found one case where this court reversed for denial of continuance, to wit, City of Birmingham v. Goolsby, 227 Ala. 421, 150 So. 322, where defendant's counsel had been continuously engaged in the trial of another case in another division of the same court in the same courthouse for more than a week, and defendant's counsel was still engaged in that trial at the time the trial court denied the continuance. It is apparent that the last cited case differs from the instant case in several particulars. Here, the case had been set for May 17, and, on request of plaintiff, the court continued the case until May 19. In the cited case, it affirmatively appeared that the absent counsel had been and was actively engaged in the other trial in the same courthouse at the time motion for continuance was made. Such a situation is not shown here.

Plaintiff cites 5A C.J.S. Appeal & Error § 1583 p. 35. In the cited text we read that there is no hard and fast rule by which to determine whether a court has abused its discretion, that the reviewing court is never justified in substituting its discretion for that of the trial court, and that discretion is abused whenever, in its exercise, the court has acted arbitrarily without the employment of its conscientious judgment, or has exceeded the bounds of reason in view of all the circumstances, or has so far ignored recognized rules or principles of law or practice as to result in substantial injustice.

Trial courts are charged with the duty to bring cases to trial, or other disposition, as promptly as may be done reasonably according to the rules of law and procedure. We must presume that the trial court was acting to perform that duty in the instant case. We are not persuaded that the instant record shows that the trial court acted arbitrarily or ignored recognized rules or principles of law or practice or has exceeded the bounds of reason in view of all the circumstances.

The trial court ordinarily has a large discretion as to whether a suit shall be continued, and his discretion will not be disturbed by this court in the absence of gross abuse. Ex parte Central Alabama Dry Goods Co., 238 Ala. 20, 21, 189 So. 56; City of Birmingham v. Banks, supra. We think gross abuse is absent in the case at bar, and, therefore, that the judgment appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, HARWOOD and BLOODWORTH, JJ., concur.