ADAMS, Justice.
Plaintiff appeals from the dismissal of the case for want of prosecution and argues that the trial judge erred in refusing to grant a continuance.
The appellant’s complaint against Win-gate Trucking Company and Luther Kohler (hereinafter referred to together as “Win-gate”) was filed on March 12, 1986. Win-gate’s answer was filed on April 11, 1986, and interrogatories were made and depositions were taken subsequent thereto. The case was originally set for trial on August 24, 1987; however, it was continued by the trial judge on the motion of Wingate’s attorney. Thereafter, . on September 18, 1987, the plaintiff, Littlefield, requested that the trial date be set as soon as possible and, in November, the trial was set for January 11, 1988. This date was subsequently changed to January 13, 1988.
Littlefield’s attorney argues that on January 11, 1988, he was involved in a jury trial in Jefferson County Circuit Court. He contends that he notified Wingate’s attorney of this fact and advised him of the potential need for a continuance. He argues that when it became apparent on January 12, 1988, that the trial in Jefferson County would not end prior to January 13, he notified Wingate’s attorney of that fact and attempted to notify the clerk’s office in Autauga County. However, he admits that he was unable to reach the clerk’s office, as he called between 4:30 and 5:00 p.m. The clerk's office apparently had closed at 4:30 p.m. On January 13, Littlefield’s attorney’s office contacted the Autauga County circuit clerk’s office and advised the clerk of his dilemma and requested a continuance. This request was denied by the trial judge, and when the case was called for trial, neither Littlefield nor his attorney was present. The trial judge dismissed the case on motion of Wingate’s attorney. Following a denial of his motion for reinstatement of the case, Littlefield appeals.
We recognize that Littlefield’s attorney probably expected no problem in receiving a continuance due to his commitment to be in another court on the same date. The rule governing such situations is as follows:
“ ‘ “Ordinarily the fact that an attorney is professionally engaged elsewhere in the trial of a cause does not give an absolute right of continuance, and a denial of the application is generally sustained as an exercise of sound discretion. The courtesy existing between members of the bar, and recognized by trial courts, will usually in such cases enable a counsel to postpone a cause for a few days in one of the courts so as to enable him to be present at both trials. But this is purely a matter of grace and not of law. The rights of litigants in one court are not to be determined by the condition of the docket in another, nor because an opposing counsel has assumed duties in different courts which may conflict. Cases may of course arise when the denial of the right of continuance might amount to an abuse of discretion, but under such circumstances it is not sufficient to show that the absent attorney was expect *499 ing a case to be called in another court, but it must be shown that he is at the time actually engaged in the trial of the other cause. Moreover it must be made to appear that under the circumstances other professional advice is unavailable, and that there is a meritorious cause of action or defense thereto which cannot be effectively presented without the presence of the absent attorney.” ’ (Emphasis supplied [in Void].)
“In Steele v. Gill, 283 Ala. 364, 217 So.2d 75 (1968), we reiterated the point that the attorney against whom the dismissal is granted must be actually engaged in the trial of another case at the time the judgment of dismissal is taken.”
Void v. Hand, 366 So.2d 279, 280 (Ala.1979), quoting City of Birmingham v. Goolsby, 227 Ala. 421, 150 So. 322 (1933). It is obvious from the evidence before us that Littlefield’s attorney was actually engaged in another trial at the time Little-field’s case was called on January 13. However, the evidence indicates that the trial judge had notified the attorneys on November 10,1987, of the original January 11 trial date and had requested notification of scheduling conflicts. On December 16, 1987, the date was changed to January 13. The court received no indication from Lit-tlefield of even the possibility of a conflict. Both attorneys were contacted again on January 6, 1988, regarding their witness lists, and still Littlefield’s attorney did not apprise the court of any possible problems. Although Littlefield’s attorney contends that he attempted to contact the judge on January 12, the fact remains that the court was not notified until the date set for trial regarding the necessity of a continuance. While we sympathize with Littlefield’s situation, his attorney should have at least known of the potential problem prior to January 12 at 4:30 p.m., and should have notified the court as early as possible, if only to apprise the judge of his situation. We are of the opinion, however, that the sanction of dismissal by the trial judge was too onerous. Such a sanction would be borne solely by Littlefield and, as such, would penalize him severely for a mistake made by his attorney.
Therefore, the judgment is due to be reversed and the cause remanded with directions that the case be reinstated and with directions for the trial judge to consider less onerous sanctions against Little-field’s attorney.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, STEAGALL and KENNEDY, JJ., concur.