On May 26, 1994, the appellant, Ted Daniel Smelley, was found guilty in district court on charges of reckless driving and driving under the influence. He appealed to the Jefferson Circuit Court for a trial de novo. After numerous resettings, the case was called for trial on July 8, 1999; however, neither the appellant nor his attorney was present in court on that date. The trial court then entered an order dismissing the appeals. The court also denied the appellant's subsequent motion to reinstate the appeals.
The record reveals that the appellant's reckless driving case originally was set for trial on August 15, 1994. The case was not reached nine times between that date and September 17, 1996, when it was consolidated with his D.U.I. case and set for trial on November 18, 1996. The cases were not reached on November 18 or on eight additional dates between then and July 6, 1999. The record reveals the following continuances, all on motion of defense counsel: (1) April 17 and 31, 1995, because of illness of counsel; (2) September 17, 1996, upon consolidation of the cases for trial; and (3) June 10 and 13, 1997, to request and correct vacation dates for counsel. The record contains the following order of the trial court:
 "These cases were originally set for docket call on Tuesday, July 6, 1999[;] appearing at that time w[ere] the defendant and his attorney. . . . At that time, the defendant and his counsel announced ready subject to his counsel being released from trial. The Court directed his counsel to appear before the Court upon his release from Judge Bahakel's Court since this case was over five (5) years old. The Court called Judge Alfred Bahakel's Court on this date [July 8, 1999] and learned that the case . . . which defendant's counsel was trying was settled by plea yesterday [July 7]. Neither counsel [n]or the defendant appeared as ordered following the release of [counsel] from Judge Bahakel's Court. The Court learned yesterday that [the counsel] had in fact called the [Court's] offices to assure the Court he would be by sometime yesterday. He failed to appear, as did the defendant. . . . The Court called [the counsel's] offices this morning at 9:20 a.m. and left an order on his telephone answering machine directing both him and the defendant to appear in Court by 10:00 a.m. or the appeals will be dismissed. It is now 10:05 a.m. and both the defendant and counsel have failed to appear[;] accordingly, it is the Order of the Court that the appeals in these cases are dismissed and costs are taxed to the defendant."
The appellant contends that the trial court abused its discretion by dismissing his de novo appeals. He argues that, inLittlefield v. Wingate Trucking Co., 541 So.2d 497 (Ala. 1989), the Alabama Supreme Court held that, although sanctions were warranted when an attorney failed to notify the trial court of a potential conflict due to a trial in another court, dismissal was too onerous a penalty because in that case the client paid the price for the attorney's neglect. The appellant argues that, in the present case, if someone should be punished, the punishment should fall on the attorney and not on the appellant.
In the brief filed with this court, the appellant's counsel states that he was not specifically directed to appear when he was released from Judge Bahakel's court on July 7. He admits that he returned to his office and pursued other work in his office instead of reporting to the trial court that afternoon, as he had told the judge's secretary that he would do. He also admits that he reported for trial in Bessemer *Page 985 
the following day instead of reporting to the trial court. He says that he did not receive the order to appear because it was left on his partner's answering machine. He also says that he told the trial court's secretary about the trial in Bessemer.
Notwithstanding the counsel's claims, it is clear from the record that the trial court's initial dismissal of the appeals was proper. Section 12-14-70(f), Ala. Code 1975, states that, when an appellant fails to appear for a trial de novo, the court shall dismiss the appeal unless good cause is shown. Rule 30.5(b), Ala.R.Crim.P., states that the trial court may dismiss an appeal when an appellant fails to appear for a trial de novo without a sufficient excuse. In Ex parte Hilburn, 591 So.2d 8 (Ala. 1991), the Alabama Supreme Court held that the mandatory provisions of the statute govern dismissal of appeals for trial de novo, rather than the permissive provisions of the rule.
Eleven days after the trial court entered its order of dismissal, the appellant filed a motion to reinstate his appeals. Section 12-14-70(f), Ala. Code 1975, states that, upon motion for good cause shown, the court may, within 30 days, set aside an order of dismissal and reinstate the appeal on terms prescribed by the court. Similarly, Rule 30.5(b), Ala.R.Crim.P., states that, upon motion by the appellant within 30 days and for good cause shown, the court may set aside a dismissal and reinstate the appeal on terms prescribed by the court.
The appellant filed an affidavit with his motion to reinstate, in which he explained that, every time his case had previously been set for trial, he had driven from Odenville and had waited over an hour before he was told that he could leave. Each time, he said, he had to take at least one day off from work. He said that, when he reported for trial on July 6, 1999, his attorney told the judge that the attorney had been called for a robbery trial the following day. The judge then placed the appellant "on call," and the attorney told him that he would call as soon as the judge informed him of what day the case would be called. The appellant did not hear from the attorney until July 12, at which time the attorney told him that his appeals had been dismissed on July 8.
In Riddle v. State, 641 So.2d 1316 (Ala.Cr.App. 1994), this court held that, even if the trial court's dismissal of an appeal for trial de novo for failure to appear on a plea date had been proper, the court's subsequent refusal to reinstate the appeal was an abuse of discretion. The Riddle court's file contained a letter to the prosecutor, requesting notification if the appellant's understanding that he was not required to be present until the date of trial was incorrect. This court reinstated Riddle's appeal because the trial court had information that the appellant had good cause for his failure to appear on the proper day.
Here, as in Riddle, the trial court had information that there was good cause for the appellant's failure to appear. There was no evidence that the appellant failed to monitor the status of his case, as he stated in his affidavit that his counsel was to notify him as soon as the date of trial was set. Because the date depended upon the counsel's release from another court, there was no other source from which the appellant could reasonably have obtained this information. The record also clearly indicated that, throughout a period of nearly five years, the appellant had consistently reported for the trial of his case. In light of these circumstances, the appellant's motion to reinstate the appeals should not have been denied.
The judgement of the trial court is due to be, and it is hereby, reversed. This cause is remanded to the trial court, with instructions to set aside the dismissal and reinstate the appellant's de novo appeals.
REVERSED AND REMANDED.
Long, P.J., and Cobb, Baschab, and Fry, JJ., concur. *Page 986