THOMAS, Judge.
In January 2010, the State of Alabama instituted a forfeiture action in the Tuscaloosa Circuit Court against $3,600 that was seized from the residence of Antwuan Thomas during the execution of a search warrant. The State secured a default judgment in May 2010, but that judgment was set aside in August 2010, after Thomas asserted a claim to the money. The case was initially set for a trial on February 15, 2011. For reasons not clear in the record, that trial never-occurred.
The matter was next set for a trial on July' 9, 2014.[1] Based on information con- *96 tamed on the State Judicial Information System case-action-summary sheet, it appears that Thomas sought and received a continuance of the trial date. The case-action-summary sheet indicates that the matter was set for a trial to be held on August 20, 2014. The case-action-summary sheet also reflects that the matter was also set two other times for some form of hearing to be held on September 24, 2014, and October 27, ,2014. Apparently, the case was not tried on any of those dates; no motions for a continuance appear in the record or on the case-action-summary sheet.
The ease was then set for a trial to be held on February 19, 2015. The parties agree that they both appeared for trial on that date, that the State requested a continuance because one of its witnesses, Officer John Busby, had come down with the flu, that the trial court offered to continue the case for one day, and that the State objected to the short continuance because Officer Busby would not be recovered sufficiently to attend trial the following day. No transcript of the proceedings on the State’s oral motion to continue was made. The trial court entered the following judgment:
“The case was called for trial this date. The State of Alabama was unable to proceed due to the unavailability of a witness. Case dismissed. The State is hereby ordered to immediately return to Antwuan T. Thomas the seized sum of $3,600.00. Costs waived.”
The State filed a postjudgment motion in which it argued that its request for the continuance had been the State’s first request, that the trial court had granted an earlier continuance requested by Thomas, that the trial court had continued the case once on its own motion, and that the trial court should have granted the requested continuance because Officer Busby, a necessary witness, had come down with the flu the night before the trial. The State further argued that it was not attempting to delay the trial and that it had not engaged in a practice of seeking multiple continuances. Therefore, it contended, the trial court should have granted the requested continuance and should set aside its dismissal order. The trial court denied the State’s motion, and the State filed a timely notice of appeal to this court.
As it did in its postjudgment motion, the State argues on appeal that the trial court abused its discretion by denying its requested continuance and that the resulting dismissal of the forfeiture action should be reversed. The State relies on general principles applicable to continuances, but it neglects to discuss and apply caselaw specifically addressing the burden placed on a party seeking a continuance based on the absence of a witness.
“Continuances are not favored and the trial court’s denial of a motion for continuance will be upset only when palpable or gross abuse of discretion is shown. Johnson Publishing Co. v. Davis, 271 Ala. 474, 124 So.2d 441 (1960). It is not an abuse of discretion to overrule a motion for continuance because of the absence of a witness where plaintiff fails to show due diligence by taking a deposition or procuring compulsory process. Knowles v. Blue, 209 Ala. 27, 95 So. 481 (1923). To warrant a continuance because of the absence of a witness:
“ ‘. it must be shown (1) that the expected evidence will be material and competent; (2) a probability that the testimony can be obtained at a future *97 date to which the cause may be continued or postponed; (3) due diligence having been exercised by the movant to.secure the absent witness or evidence; (4) the expected evidence must be credible and will probably affect the result; (5) the evidence must not be merely cumulative or impeaching; (6) that the motion for continuance is not made merely for purposes of de-lay_’ Ex parte Driver, 258 Ala. 233, 237, 62.So.2d 241, 243 (1952).”
Perdue v. Mitchell, 373 So.2d 650, 652 (Ala.1979).
Although the State stated in its postjudgment motion that Officer Busby was the officer who seized the currency and that his testimony was essential to the case, the State did not make any arguments in its motion regarding the other factors enumerated in Perdue, including failing to assert that Officer Busby’s testimony was not cumulative of the testimony of other witnesses. Without a transcript, we are unable to determine whether the State made the proper showing before the trial court in support of the oral motion for a continuance, and. we must presume that any showing it did make was lacking in some respect that would support the trial court’s denial of the requested continuance.[2] Douglass v. Allen, 574 So.2d 39, 41 (Ala.Civ.App.1990). Furthermore, “[t]he refusing of a continuance because of an absent witness, where it is not shown what the witness would say if present, is not an abuse of the court’s discretion.” Mobile Cab & Baggage Co. v. Busby, 277 Ala. 292, 298, 169 So.2d 314, 320 (1964); D.S. Pate Lumber Co. v. Davis, 215 Ala. 547, 548, 112 So. 124, 125 (1927) (noting that, without evidence of what the absent witness’s testimony would be, “it cannot be affirmed that the overruling of the motion was prejudicial error, nor that it was an obvious and palpable abuse of the trial court’s discretion’’); see also Hawkins v. State, 29 Ala.App. 221, 224, 195 So. 762, 763 (1940).
The State does not make any specific argument relating to the trial court’s Rule 41(b), Ala. R. Civ. P.,' dismissal of the forfeiture action, which resulted from the trial court’s denial of the State’s requested continuance. Our supreme court considered a similar ease involving the denial of a continuance and the plaintiffs subsequent refusal to proceed with trial in Scullin v. Cameron, 518 So.2d 695, 699-700 (Ala.1987). The plaintiff in Scullin sought a continuance because one of his counsel was scheduled to appear for'trial in another court and because two witnesses would not be available to testify on the scheduled trial date. Scullin, 518 So.2d at 697. The trial court denied the requested continuance, and the plaintiff declined to proceed with jury selection and the tidal. Id. at 697-98. The trial court dismissed the action, and the plaintiff appealed. Id. at 698.
Our supreme court affirmed the denial of the continuance, noting that the plaintiff had alternate counsel and that the trial court was not required to continue the action. Id. The Scullin court next considered whether the trial court properly dismissed the case under Rule 41(b) after the plaintiff failed to proceed with jury selection and trial. Id. at 699-700. Our supreme court concluded that the dismissal *98 of the action was proper under the circumstances, explaining:
“This' Court has recognized the necessity of carefully scrutinizing dismissals with prejudice, while at the same time preserving the inherent power of a court to act sua sponte to dismiss an action for want of prosecution when a plaintiffs conduct mandates such action. Smith v. Wilcox County Board of Education, 365 So.2d 659 (Ala.1978). As stated in Selby v. Money, 403 So.2d 218, 220 (Ala.1981): ‘In every action there comes a point when the interest of the court in controlling its calendar and the risk to the defendant outweigh the interest in disposing of the litigation on the merits.’ See .also Rule 41(b), • [Ala.] R. Civ. P., and comments.
“Here, when the trial court denied plaintiffs motion for a continuance, the plaintiff refused to proceed with jury selection and trial. It appears that this deliberate action on plaintiffs part was due solely to that denial. Indeed, when plaintiff refused to proceed, the trial court had.no alternative but to dismiss the case. Under those circumstances— the continuance having been properly denied, the defendant and his witnesses being present and ready for trial, and the- plaintiff willfully refusing" to proceed — this Court cannot hold that the trial court was in error for entering a dismissal. To' have done otherwise would,. indeed, have been to grant the ’continuance, which, in its discretion, the trial court had denied.” •
Scullin, 518 So.2d at 699-700.
The trial court in the present case was within its discretion to deny the State’s motion for a continuance. Because we are affirming that decision, we must also conclude that the trial court’s dismissal order was appropriate under the circumstances presented. As our supreme court noted in Scullin, the trial court had no alternative but to dismiss the action after the motion to continue was denied and the State declined the offered one-day continuance. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
DONALDSON, J., recuses himself.

. The reason for the lengthy delay in the proceedings is not explained in the record.

. We recognize that ”[a]n appellant is not required to include the trial transcript in the record on appeal when the transcript is not necessary to decide the issue presented for review” and that a transcript is not necessary when the appeal presents as its sole issue a question of law. Douglass v. Allen, 574 So.2d 39, 41 (Ala.Civ.App.1990). However, in the present case, in order to have been entitled to the requested continuance, the State had to have presented .evidentiary support for the factors the trial court was required to consider, and, thus, the question before us is not one of law.